**In the Matter of L.B. TRUCKING, INC., Double D. Farms, Inc., Dudley B. Durham, Jr., and Barbara L. Durham, Debtors.**

**SOUTHERN STATES COOPERATIVE, INCORPORATED t/a Southern States Middletown Service Cooperative, a corporation of the Commonwealth of Virginia, Plaintiff,**

**v.**

**TOWNSEND GRAIN AND FEED COMPANY, a corporation of the State of Delaware, Dudley B. Durham, Jr., and Barbara L. Durham, Defendants.**

**Bankruptcy No. 83–438.**
**Adv. No. 84–15.**

United States Bankruptcy Court, D. Delaware.

June 9, 1987.

Jeoffrey L. Burtch, Wilmington, Del., for Townsend Grain and Feed Co.

Thomas D. Runnels, Newark, Del., for debtors.

James T. Vaughn, Jr., Dover, Del., for Southern States Middletown Service Co-op., Inc.

James L. Patton, Jr., Wilmington, Del., for trustee.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Southern States has asked the court to dismiss for lack of subject matter jurisdiction a counterclaim originally filed by Dudley and Barbara Durham, now being pursued by the Chapter 7 trustee, or, in the alternative, find that the counterclaim is not a core proceeding and abstain from hearing it. The following chronological review of docket entries is required to put the motion in its proper perspective.

12–20–83  Durham and two corporations filed Chapter 11's which were subsequently substantively consolidated.

2–2–84  Southern States sued Townsend in the Superior Court of Delaware claiming Townsend had wrongfully converted crops sold to Townsend by Durham in the amount of $25,000.

2–2–84  Durham filed a complaint against Southern States and Townsend in this court to avoid as a preference Southern State's crop lien and for an accounting and turnover of funds in Townsend's possession. (A–84–10)

3–8–84  Townsend removed the Southern States' action against it from the Superior Court to this court. (A–84–15)

3–14–84  Judge Stapleton heard the lien avoidance case (A–84–10) in Judge Balick's absence. He found that Southern States' lien fell within the purview of 11 U.S.C. § 547 and directed Townsend to turnover all monies in its possession being held on account of Double D Farms (Durham). He further directed that Southern States' lien remain in effect and Southern States deemed a secured creditor, subject to the disputed counterclaim and setoff of debtor (Durham), in the amount of $4,678.58.

4–24–84  Southern States filed a proof of claim in the amount of $70,071.60; claiming a security interest to the amount of $4,678.58, unsecured as to balance, pursuant to order dated March 14, 1984.

8–14–84  Hearing held on 2 motions. One filed by Townsend on 5/24 for dismis-

sal of Southern States' complaint against it on two grounds: failure to state a claim and failure to name an indispensable party; and, two, Southern States' motion for remand to the state court filed 6/5. Following argument, the court commented that Judge Stapleton's order was a final order, declined to speak to the effect of that order on Southern States' action against Townsend but stated that it could not be disputed that Southern States' state court action was related to the "11" proceedings and held that Durham was an indispensable party. As a consequence, the court ruled from the Bench that each motion was denied and entered on each pleading, "8–14–84 DENIED with leave to renew." A typewritten order on procedure for bringing in Durham as a party was entered the same day.

9–5–84  Southern States filed an amended complaint.

9–24–84  Townsend answered and cross-claimed against Durham.

9–25–84  Durham answered and counter-claimed against Southern States for breach of implied warranty and cross-claimed against Townsend for the $25,000 Judge Stapleton had ordered turned over to Durham.

3–5–85  Consolidated "11" case converted to Chapter 7; James Patton appointed trustee.

6–1985  Discovery initiated

1–27–87  Southern States moved to dismiss Durham's counterclaim for lack of subject matter jurisdiction or, in the alternative, for a determination that the counterclaim was not a core proceeding and abstention.

3–6–87  Trustee was granted leave to amend the counterclaim to additionally allege a breach of express warranty and to amplify the tortious interference with and slander of credit claim.

The two adversary actions arose out of events occurring in and before September 1983. Durham was operating a farming business in Delaware and Maryland. He obtained from and arranged for Southern States to apply chemicals and other products to then growing crops in which he granted Southern States a security interest. Durham claims that some of his crops were damaged or destroyed by Southern States' improper selection and spraying of agricultural chemicals and fertilizer. Durham delivered some crops from his operation to Townsend. Townsend is alleged to have delivered money for those crops to others in violation of Southern States' security interest. Townsend now has in its possession $25,000 which both Durham/Trustee and Southern States claim.

Southern States' contention that this court lacks subject matter jurisdiction over Durham/Trustee's counterclaim is incorrect. This court at hearing on August 14, 1984, stated that the state court action was a "related matter"; however, recognizing the issue had not been fully argued, granted leave to renew the motion. That motion was not renewed but will be finally determined in considering the present motion.

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, there is vested in the district courts exclusive jurisdiction over all cases under title 11 as well as original and concurrent jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 1334(a) and (b). Section 157(a) of title 28 empowered the individual district courts to refer any or all of this jurisdiction to the district's bankruptcy judges. The district judges of this district exercised their authority on July 23, 1984, by entering a blanket order of referral.

■ At first blush it would seem that Southern States' action against Townsend filed subsequent to Durham's bankruptcy is not related to a case under title 11. The record reflects otherwise. Townsend is a stakeholder.

Durham should have been named in Southern States' complaint and apparently was not because of the automatic stay provisions of the Code. Apart from the counterclaim, the state court action meets the "related to" test adopted by the Third Circuit Court of Appeals in *In re Bobroff*, 766 F.2d 797 (3d Cir.1985).

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy....* An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.* at 802, *citing Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984) (emphasis in original). Its outcome—who gets the $25,000—would impact either positively or negatively on the bankruptcy estate. Moreover, the damages sought by the counterclaim, if awarded, would become property of the estate, 11 U.S.C. § 541. Win or lose this would affect the administration of the estate. Consequently, the counterclaim is a related matter. *In re Fleet,* 53 B.R. 833, 838 (Bankr.E.D.Pa. 1985).

█ There is another nexus that brings the counterclaim within the "related to" category. It is alleged in connection with the tortious interference with and slander of credit claim that Southern States' bad faith actions deliberately contributed to and resulted in Durham's bankruptcy. If true, this could amount to an abuse of the bankruptcy system. The bankruptcy court is the appropriate forum to consider such allegations. *Id.* at 839.

This court, therefore, has subject matter jurisdiction over the state court action, which includes the counterclaim, subject to the provisions of 28 U.S.C. § 157(c)(1).

█ Subject matter jurisdiction having been established, it is incumbent upon the court to examine the nature of the counterclaim—whether it is compulsory or permissive. To determine whether a particular counterclaim is compulsory, the following questions are relevant:

1. Are the issues of fact and law the same?

2. Will *res judicata* bar a subsequent suit absent a compulsory counterclaim ruling?

3. Will substantially the same evidence support or refute both claims?

4. Is there a logical relationship between the claim and counterclaim?

*See Wright and Miller,* Federal Practice and Procedure, Civil Section 1410.

These tests are not cumulative but alternative, thus one may lose on one or more and still have a compulsory counterclaim. Indeed, the answer to the first two questions would be "no". However, because Southern States' evidence in support of its claim is part and parcel of the same evidence which Durham/Trustee will assert in support of its claim of breach of warranties, the third answer would be "yes". Furthermore, there is a logical relationship between the claim and counterclaim—Southern States' claim arises out of products and services sold and Durham/Trustee's claim arises out of the inadequacy of those products and services—so the answer to the fourth question is "yes".

█ As Southern States suggests, this court may abstain from hearing a particular proceeding in the interest of justice or in the interest of comity or respect for state law. 28 U.S.C. § 1334(c)(1). However, there is a complicating factor which makes abstention impracticable. Southern States filed a proof of claim in the amount of $70,071.40 for chemicals and supplies provided and services rendered in connection with Durham's 1983 crops. The Durham/Trustee's counterclaim alleges Southern States is not entitled to any payment but is liable to the estate for failing to properly perform its duties to Durham. Thus, the counterclaim relates to the issues raised in the proof of claim by which Southern States has submitted itself to this court's jurisdiction. Although the counterclaim was not filed directly in response to the proof of claim, it was filed subsequent to it and arises from the same sales and services that give rise to the proof of claim. Thus, the counterclaim to the complaint, as amended, is a counterclaim by the estate against Southern State's claim against the

estate. As such it falls within the definition of a core proceeding. 28 U.S.C. § 157(b)(2)(C). See *In re Franklin Computer Corp.*, 60 B.R. 795, 803 (Bankr.E.D. Pa.1986).

For all the foregoing reasons, Southern State's motion must be denied. An order is attached.