**In re Michael David NORRELL, Debtor.**

**ST. VINCENT'S HOSPITAL, Plaintiff,**

v.

**Michael David NORRELL, Defendant.**

Bankruptcy No. 96–00342–BGC–13.
Adv. No. 96–00177.

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

June 24, 1996.

Jason Stuckey, Birmingham, AL, for Defendant–Debtor.

Marvin Franklin, Birmingham, AL, for Plaintiff.

Donald M. Wright and Stephen Porterfield, Birmingham, AL, for Debtor.

## MEMORANDUM OPINION ON REMOVAL OF STATE COURT ACTION

BENJAMIN COHEN, Bankruptcy Judge.

The matters subject to this order are the plaintiff's *Notice of Removal* of its state court action from the Circuit Court of Jefferson County, Alabama to this Court and the debtor's *Motion for Remand* of that action to the state court. A hearing on both matters was held on May 20, 1996. Marvin E. Franklin, attorney for the plaintiff, and F. Hilton–Green Tomlinson, attorney for the debtor, appeared. The matters were submitted on oral and written arguments of counsel and undisputed facts.

### I. Contentions

The plaintiff contends that this Court should retain the removed state law litigation because the subject of that action is now represented by a claim before this Court.[1] The debtor contends that this Court should, for equitable reasons, remand this case to the state court.

---

**1.** Before the instant proceeding was removed to this Court, the plaintiff filed a claim for $21,-736.31 in the debtor's chapter 13 case. The debtor has filed an objection to that claim.

## II. Issues

The issues are: (1) does this Court have jurisdiction over the removed state law action that is the basis of a claim filed in this case and; (2) if jurisdiction exists should this Court abstain from hearing the action, remand the action or retain the action.[2]

## III. Findings of Fact

The facts are not disputed. The debtor summarized them in his brief. The Court adopts the applicable parts of that summary as its findings of fact. Those parts are:

Plaintiff, St. Vincent's Hospital, filed this action against defendant, Michael D. Norrell, on May 12, 1995. Plaintiff has asserted claims due by open account in Count I of the Complaint and for work and labor in Count II of the Complaint. Plaintiff has alleged the defendant failed to pay sums due as a result of medical care St. Vincent's provided to the defendant. Plaintiff seeks compensatory damages in the amount of $19,675.37, plus interest at the rate of 6% per annum from January 21, 1994 and court costs. Plaintiff did not request a jury trial.

Defendant acting pro se denied the material allegations of the Complaint and filed a Counterclaim on the grounds of tort of outrage and fraudulent billing. After retaining counsel the defendant filed his First Amended Counterclaim alleging breach of contract in Count I, fraud in Count II, and fraudulent misrepresentation in Count III. The defendant alleges the plaintiff billed him for services never rendered and supplies not received in the course of the defendant's treatment at St. Vincent's. Counsel for defendant has prepared Defendant's Second Amended Counterclaim which will be filed once leave of the Court is granted to proceed with this claim. Defendant seeks compensatory and punitive damages. Defendant has also demanded a jury trial.

On July 11, 1995, the plaintiff filed a motion for sanctions against the defendant alleging the defendant's counterclaim was filed in bad faith, without substantial justi-

fication and that the counterclaim was interposed for delay and harassment. On July 12, 1995, the plaintiff filed a Motion to Dismiss the defendant's counterclaim. On August 8, 1995, the plaintiff filed a Motion for Summary Judgment alleging there exists no genuine issue as to material fact and that the plaintiff was entitled to judgment as a matter of law....

Upon order of the Court all three of the plaintiff's motions described hereinabove were heard by The Honorable Edward L. Ramsey, Jefferson County Circuit Judge on December 1, 1995. Judge Ramsey heard arguments from both parties and stayed ruling on any of the pending motions while granting leave of the Court for the defendant to amend his pleadings and proceed with discovery. Judge Ramsey further ordered the plaintiff to produce *all* of the medical records and billing pertaining to treatment of the defendant within fifteen (15) days. Judge Ramsey scheduled a hearing for January 5, 1996, to make a ruling on these matters....

On or about January 16, 1996, the defendant filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court in the Northern District of Alabama. Upon filing of the defendant's (debtor's) Petition the previously discussed state civil action was stayed. Plaintiff, St. Vincent's Hospital, filed a claim in the Chapter 13 case to which the defendant (debtor) has filed an objection. St. Vincent's Hospital has now filed a Notice of Removal of the state court action under 28 U.S.C. § 1452. On May 3, 1996 the defendant (debtor) filed a motion to remand the state court proceeding back to state court.

Although the defendant intends to file a Motion for Extension of Discovery the initial discovery deadline based on the standard track assignment required discovery to be completed by February 7, 1996.

Debtor's Brief, Proceeding No. 5, at 1–4 (May 17, 1996) (captions omitted).

---

2. In deciding these issues this Court relies on, and adopts as part of conclusions of law for this memorandum opinion, the memorandum opin-

ion written for and published in *Roddam v. Metro Loans (In re Roddam)*, 193 B.R. 971 (Bankr. N.D.Ala.1996).

The plaintiff stresses that it has already filed a claim in this case for $21,736.31 and that the debtor has filed an objection to that claim.

Plaintiff's Brief, Proceeding No. 6, at 1 (May 17, 1996).

## IV. Conclusions of Law

■ In every "removed" action there are four probable issues. The threshold issue is whether the "removal" was proper. If it was, there are three additional issues. These are: (1) should the receiving court abstain from hearing the matter; (2) should the receiving court remand the matter; or (3) should the receiving court retain the matter. Case facts dictate whether any or all of these three options should be considered, but in every case the first inquiry is whether the action was properly removed.

### A. Notice of Removal

#### 1. Removal

■ Pursuant to 28 U.S.C. § 1452(a), a party may remove a claim or cause of action in a civil action to the district court for the district where the civil action is pending, if the district court has jurisdiction over the claim or cause of action under 28 U.S.C. § 1334.[3] To determine whether removal was proper the court must determine whether jurisdiction exists under 28 U.S.C. § 1334.

### 2. Jurisdiction

#### a. Substance

Subsection 1334(a) of that section confers on district courts *original and exclusive* jurisdiction over *all cases* filed under the Bankruptcy Code; subsection 1334(b) confers *original but not exclusive* jurisdiction of *all civil proceedings* arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code; and, subsection 1334(d) confers exclusive jurisdiction over all property of the debtor, wherever located, and of property of the bankruptcy estate in all cases filed under the Bankruptcy Code.

The particular subsection applicable to the instant matter is subsection 1334(b) conferring original but not exclusive jurisdiction of all civil proceedings arising under title 11, or

---

**3.** The plaintiff removed the instant action directly to this Court. Such a removal raises two issues. First was the direct removal to the bankruptcy court, rather than by way of the district court, proper and second once the matter is properly before the bankruptcy court, whether by direct removal or indirect referral from the district court, may the bankruptcy court enter final orders in regards to the removal and the motions for abstention and remand that accompany all removals.

Courts addressing the first issue disagree. This Court agrees with those that recognize that where all bankruptcy matters are referred by the district court to the bankruptcy court by a general order of reference, that removal applications are properly filed in the bankruptcy court. See *Lone Star Industries, Inc. v. Liberty Mutual Insurance*, 131 B.R. 269, 272 (D.Del.1991). In its July 16, 1984 General Order of Reference, as amended July 17, 1994, the United States District Court for the Northern District of Alabama referred all bankruptcy matters to this Court for adjudication and consequently all notices of removal are properly filed in this Court.

As to the second issue, this Court is aware, as was the court in *General Instrument Corporation v. Financial and Bus. Servs., Inc. (In re Finley)*, 62 B.R. 361, 365 (Bankr.N.D.Ga.1986) that, "some opinions have concluded that the bankruptcy court may not enter final dispositive orders concerning an application for removal and

motions to remand, abstain, or transfer." But the law remains that pursuant to 28 U.S.C. § 157(b)(1) a bankruptcy court has complete authority to hear, adjudicate and make final determinations of all core matters pending before the court. And while a bankruptcy court may ultimately determine that a civil action is itself a non-core matter, the determinations of whether the removal of that action was proper, whether the bankruptcy court should abstain in the matter or whether the matter should be remanded to the state court, are themselves core matters. This Court concludes, as did the court in *Finley* that, "the issues of removal, remand, abstention, or transfer are 'proceedings' within the meaning of Section 157(a)." *Id.* See also *Storage Equities, Inc. v. Delisle*, 91 B.R. 616, 619 (N.D.Ga. 1988) ("Though the authorities are split, the majority of courts considering the issue have likewise found motions to transfer under 28 U.S.C. § 1412 to be core matters concerning the administration of the estate.") (citing *In re F/S Airlease II, Inc.*, 67 B.R. 428 (Bankr.W.D.Pa.1986)); *In re Thomasson*, 60 B.R. 629 (Bankr.M.D.Tenn.1986); *In re Leonard*, 55 B.R. 106 (Bankr.D.D.C.1985); *In re Oceanquest Feeder Service, Inc.*, 56 B.R. 715 (Bankr.D.Conn.1986); *In re Waits*, 70 B.R. 591 (Bankr.S.D.N.Y.1987); *In re 19101 Corp.*, 74 B.R. 34 (Bankr.D.R.I.1987); *In re Ofia Realty Corp.*, 74 B.R. 574 (Bankr.S.D.N.Y.1987); *In re Whilden*, 67 B.R. 40 (Bankr.M.D.Fla.1986); *In re Finley*, 62 B.R. 361 (Bankr.N.D.Ga.1986).

arising in or related to cases under title 11. 28 U.S.C. § 1334(b). In order for this Court to have jurisdiction over this action, the action must be:

(1) one that arises under the Bankruptcy Code;

(2) one that arises in a case filed under the Bankruptcy Code; or,

(3) one that is related to a case filed under the Bankruptcy Code.

## (1) Arising Under the Bankruptcy Code

■ A civil proceeding that arises under the Bankruptcy Code is one that is created by or determined by a provision of the Bankruptcy Code. *In re Wood,* 825 F.2d 90, 96 (5th Cir.1987). Examples include preference or lien avoidance actions, claims of exemptions under 11 U.S.C. § 522, claims of discrimination under 11 U.S.C. § 525 and trustees' avoidance actions under 11 U.S.C. §§ 544 *et al. Case Management Manual For United States Bankruptcy Judges,* Federal Judicial Center, 1995 with case annotations at 11.

## (2) Arising In a Case Filed Under the Bankruptcy Code

■ A civil proceeding arising in a case under the Bankruptcy Code is a proceeding that, although not arising under the Bankruptcy Code, is one that would not exist outside of bankruptcy. *In re Wood,* 825 F.2d 90, 97 (5th Cir.1987). Examples include filing proofs of claim, filing complaints to determine dischargeability, administrative matters, counterclaims by the estate against claims, requests to turn over property, determinations of validity, extent or priority of liens, allowance or disallowance of claims, motions to obtain credit, complaints to object to discharge, and plan confirmation hearings. *Case Management Manual For United States Bankruptcy Judges,* Federal Judicial Center, 1995 with case annotations at 12.

## (3) Related to a Case Filed Under the Bankruptcy Code

■ A civil proceeding that is related to a case filed under the Bankruptcy Code is a proceeding that could conceivably have an effect on the estate being administered in bankruptcy. *In the Matter of Lemco Gypsum, Inc.,* 910 F.2d 784, 788 (11th Cir.1990). Examples include proceedings that could have been brought in district or state court absent bankruptcy, causes of action that became property of the estate and suits between third parties that affect estates. *Case Management Manual For United States Bankruptcy Judges,* Federal Judicial Center, 1995 with case annotations at 11–12.

## b. Procedure

## (1) No Jurisdiction

■ If the court determines that it does not have jurisdiction over the cause of action under section 1334, a retroactive determination must be made that the cause of action was not subject to removal under section 1452(a). The action then is "remanded" to its original court. *In re Baltic Assocs.,* 149 B.R. 93, 95 (Bankr.E.D.Pa.1993). *See also In re Fisher,* 151 B.R. 895, 897 (Bankr. N.D.Ill.1993) (bankruptcy court did not have jurisdiction over non-debtor class members' state law claims).

## (2) Jurisdiction

■ If the court determines that there is jurisdiction the court may (1) abstain from hearing the action which in effect sends the action back to its original court, (2) may remand the action directly to its original court or (3) retain the action.

■ Applying the above criteria to the instant case this Court finds that removal of the state court action was proper. Jurisdiction exists under 28 U.S.C. § 1334(b). The removed proceeding involves the allowance or disallowance of a claim against the estate and a counterclaim by the debtor against an entity which filed a claim against the estate. Matters involving the allowance and disallowance of claims against the estate are core proceedings by virtue of 28 U.S.C. § 157(b)(2)(B). Counterclaims by the estate against persons filing claims against the estate are core proceedings by virtue of 28

U.S.C. § 157(b)(2)(C). This matter is, therefore, a core proceeding arising in a case under title 11.[4] Consequently jurisdiction exists in this Court.[5]

4. If the debtor did not dispute the validity of the plaintiff's claim or if the factual basis of the debtor's cause of action was otherwise unrelated to the factual basis of the claim filed by the plaintiff, then this matter would be merely related to this bankruptcy proceeding and abstention or remand would be even more appropriate. *See Roddam v. Metro Loans, Inc. (In re Roddam)*, 193 B.R. 971, 980 n. 14 (Bankr.N.D.Ala.1996). Since, however, the debtor's counterclaim arose from the same facts that the plaintiff's claim arose from, both the resolution of the debtor's objection to the plaintiff's claim and the debtor's counterclaim to the plaintiff's claim are core proceedings. *Ferris v. Chrysler Credit Corp. (In re Ferris)*, 764 F.2d 1475, 1477 (11th Cir.1985); *Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727, 730 (M.D.Ga.1985); *Chapman v. Burton Berger & Assocs. (In re Chapman)*, 154 B.R. 258, 261 (Bankr.N.D.Ill.1993); *Bicoastal Corp. v. Semi–Tech Microelectronics (Far East) Ltd. (In re Bicoastal Corp.)*, 130 B.R. 597, 600 (Bankr. M.D.Fla.1991); *Milbourne v. Mid–Penn Consumer Discount Co. (In re Milbourne)*, 108 B.R. 522, 530 (Bankr.E.D.Pa.1989); *Kraus–Thomson Organ. Ltd. v. McCorhill Publishing, Inc. (In re McCorhill Publishing, Inc.)*, 90 B.R. 633, 634 (Bankr.S.D.N.Y.1988); *Southern States Cooperative, Inc. v. Townsend Grain and Feed Co. (In re L.B. Trucking, Inc.)*, 75 B.R. 88, 91 (Bankr.D.Del. 1987); *Sun West Distributors, Inc. v. Grumman Energy Systems Co. (In re Sun West Distributors, Inc.)*, 69 B.R. 861, 865 (Bankr.S.D.Cal.1987); *Berton Group, Inc. v. BKW Systems, Inc. (In re BKW Systems, Inc.)*, 66 B.R. 546, 547 (Bankr. D.N.H.1986); *Colvard v. Gulf States Drilling Co. (In re Bar M Petroleum Co.)*, 63 B.R. 343, 346 (Bankr.W.D.Tex.1986).

5. Where claims are based on state law litigation, issues of whether jurisdiction arises or relates to a bankruptcy case, are for the most part, academic. Whether the action is one "arising" in bankruptcy or "related" to bankruptcy, this Court's authority to determine whether to abstain from deciding the matter or whether to remand the matter is unaffected. The United States Code designates most bankruptcy matters as "core" or "non-core" matters. See 28 U.S.C. § 157. In simple terms, actions that arise under the Bankruptcy Code or that arise in a case filed under the Bankruptcy Code are "core" matters. Actions that are related to cases filed under the Bankruptcy Code are "non-core" matters. The distinction is important as it relates to a bankruptcy court's authority; however both categories are subject to initial abstention and remand inquiry, whether the proceeding under scrutiny is "core" or "non-core."

In either event, this Court exercises only non-exclusive jurisdiction in this case. Such jurisdiction does not require the Court to entertain all proceedings but allows the Court discretion to relocate this proceeding, whether core or non-core, to the state court. The procedures for doing so are discussed in this opinion. The plaintiff disagrees. The plaintiff contends that because it has filed an actual claim in this case and that the debtor has objected to that claim, that the matter before this Court automatically becomes a "core" matter conferring "arising in" jurisdiction on the Court. In connection with this argument the plaintiff relies on *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir.1996) a case that clearly holds that state malicious prosecution actions for events taking place within bankruptcy court proceedings are completely preempted by federal law. The circumstances in *MSR* were however unusual and do not apply to the instant matter. For the *MSR* court, Circuit Judge Ferdinand F. Fernandez wrote:

> The complaint filed by *MSR* is self-consciously and entirely one which seeks damages for a claim filed and pursued in the bankruptcy court. The complaint states precisely that on its face and even goes on to refer to the fact that Federal Bankruptcy Rule 9011 provides sanctions for those who file improper claims.

*Id.* at 912. The claim in *MSR*, although a state law cause of action for malicious prosecution, was an action based on an assertion that a party had maliciously filed and pursued claims in *MSR*'s chapter 11 bankruptcy case. The bankruptcy court was of course the best court to hear that action.

As this matter concerns abstention the plaintiff relies on *S.G. Phillips Constructors, Inc. v. City of Burlington, Vermont (In re S.G. Phillips Constructors, Inc.)*, 45 F.3d 702 (2nd Cir.1995). In *Phillips* the City wanted to litigate its claim in the state court. The debtor wanted the bankruptcy court to decide the matter. The circuit court held that the bankruptcy court was the proper forum reasoning that, "The City, by filing its proof of claim in this case, not only triggered § 157(b)(2)(b) subject matter jurisdiction, but also necessarily submitted to the court's equitable power to resolve its claims." *Id.* at 707. The court's ruling is one related to jurisdiction. This Court agrees that resolution of a claim filed in a bankruptcy court is a core matter under 28 U.S.C. § 157, and if a core matter then the action is by definition one within the "arising" jurisdiction conferring jurisdiction provisions of 28 U.S.C. § 1334. This Court does not agree however with the plaintiff's conclusion that the conferring of jurisdiction excludes consideration of abstention or remand as it is the jurisdiction over a claim that in fact allows this Court to consider the questions of abstention and remand. As the *Phillips* court recognized, "The act of abstaining presumes that proper jurisdiction otherwise exists." *Id.* at 708.

As discussed below in connection with abstention, this Court recognizes that the matter before the Court involves an objection to a claim, which is a "core" matter under 28 U.S.C. § 157(b)(2)(B). This Court also recognizes however that the substance of the matter underlying the action is not an action arising under the

## B. Properly Removed Case

Having made the determination that the proceeding before the Court was properly removed, this Court may abstain from hearing the matter, remand the matter or may retain the matter.

### 1. Abstention

#### a. Discretionary Abstention

 Discretionary abstention is governed by 28 U.S.C. § 1334(c)(1).[6] A bankruptcy court may abstain from hearing a proceeding arising under title 11, or arising in or related to cases under title 11, when to do so is in the interest of justice, or in the interest of comity with state courts or respect for state law.[7]

 Factors to consider in determining whether discretionary abstention is appropriate include:

(1) the effect of abstention on the efficient administration of the bankruptcy estate;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court

Bankruptcy Code or arising in a case under the Bankruptcy Code. The allowance or disallowance of the claim in this Court should be considered only after the state court has decided all liability and damage issues. At that point, this Court's function is ministerial unless there are significant bankruptcy issues that require other action. However this Court must speculate that if there were such issues they would have been considered before the case was remanded and probably would have had a significant effect on the court's decision to remand the matter.

One of the reasons the plaintiff argues that this matter is "core" is if the matter is "core," mandatory abstention under 28 U.S.C. § 1334(c)(1) could not apply. This Court agrees but again reiterates that this Court may nonetheless abstain pursuant to 28 U.S.C. § 1334(c)(1) the discretionary portions of section 1334(c). Those provisions allow a court to abstain from hearing a proceeding arising under title 11, or arising in or related to cases under title 11. Writing for the court in *Phillips*, Circuit Judge John M. Walker, Jr. stated:

The most obvious limitation on the applicability of mandatory abstention is that it applies only to claims "related to a case under title 11 but not arising under title 11 or arising in a case under title 11"; that is, abstention is only mandated with respect to non-core matters. See *In re Mills*, 163 B.R. 198, 202 (Bankr. D.Kan.1994); *In re Robb*, 139 B.R. 791, 796 (Bankr.S.D.N.Y.1992). When a district court abstains from hearing cases involving "core"

proceedings, the abstention decision can only be made pursuant to § 1334(c)(1), which leaves abstention to the district judge's discretion. Such decisions are subject to appellate review. *In re Ben Cooper*, 924 F.2d [36] at 38 [(2nd Cir.1991)]. Given our conclusion that the determination of the City's claim is a core matter, mandatory abstention under § 1334(c)(2) does not apply. See *id*. Consequently, the bankruptcy court's exercise of jurisdiction in this case was within its discretion and was therefore proper.

*Id*. at 708.

The affirmation of the bankruptcy court's exercise of jurisdiction in *Phillips* is an affirmation of this Court's exercise of its "core" jurisdiction over the plaintiff's notice of removal, the debtor's motion to remand, the plaintiff's filed claim and the debtor's objection to that claim and of this Court's exercise of its discretion to abstain pursuant to 28 U.S.C. § 1334(c)(1) from hearing the substance of the plaintiff's action.

6. The discretionary abstention provisions of 28 U.S.C. § 1334(c)(1) allow this Court to raise this issue *sua sponte*.

7. The "arising" and "related" language of section 1334(c)(1) is identical to the "arising" and "related" criteria of jurisdiction; consequently, if a matter is properly removed to a court with "arising" or "related" jurisdiction, the abstention provisions of section 1334(c)(1) may be considered.

involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

*In re Tucson Estates, Inc.,* 912 F.2d 1162, 1167 (9th Cir.1990) (citing *In re Republic Reader's Serv., Inc.,* 81 B.R. 422, 429 (Bankr. S.D.Tex.1987)).

Applying the criteria listed above to the facts of this case, the Court finds that the matters underlying the creditor's claim and the debtor's objection should be decided by the state court. This Court finds:

(1) Adjudication of the plaintiff's claim and the debtor's counterclaim in any forum will necessarily delay distribution to the plaintiff of funds paid by the debtor to the Chapter 13 Trustee. However, since the case was pending in the state court for approximately 8 months prior to the filing of the debtor's Chapter 13 petition, the state court should be in a better position to insure the timely adjudication of the case than this Court, which would basically be forced to start trial preparation from scratch. Trial of the case in state court, as opposed to the bankruptcy court, will not impede the administration of the debtor's bankruptcy case, but instead, may facilitate the administration of the bankruptcy case.

(2) State law issues are heavily predominate over bankruptcy issues.

(3) There is no unsettled nature over the applicable law.

(4) The case was pending in the state court for approximately 8 months prior to the filing of the debtor's Chapter 13 petition. A summary judgment motion was filed by the plaintiff and heard by the state court judge, who deferred ruling on the motion pending the completion of the debtor's discovery. The state court judge is familiar with the parties' respective factual allegations, the issues involved in the case and the state law relating to those issues.

(5) There is no basis of jurisdiction other than 28 U.S.C. § 1334.

(6) "[A] chief purpose of the bankruptcy laws is to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period." *Katchen v. Landy,* 382 U.S. 323, 329, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966). The summary disposition of claims, and counterclaims to those claims, by the bankruptcy court pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (C), is integral to the prompt and relatively inexpensive administration of bankruptcy estates. *Id.* However, where, as in this case, the bankruptcy court is in no better posture to provide a prompt resolution of the claim and counterclaim and resolution of the claim and counterclaim may be accomplished more quickly and inexpensively by trial before a state court jury, this Court may, by remand or abstention or relief from the stay, allow adjudication of the claim and counterclaim in the state court. *See Smith v. Tricare Rehabilitation Systems, Inc. (In re Tricare Rehabilitation Systems, Inc.),* 181 B.R. 569, 572 (Bankr.N.D.Ala. 1994).

(7) The *substance* of the "core" proceeding, that is the objection to claim, is a state law cause of action, only the *form* of the "core" proceeding is a bankruptcy law proceeding. Once the state court determines liability for the claim and the amount of damages if the debtor is liable, this Court's function becomes ministerial.

(8) There is no difficulty in severing the state law claim from the core bankruptcy matter to allow a judgment to be entered in state court with enforcement in the bankruptcy court.

(9) While this Court is unable to determine the effect of a trial of this matter on the state court, this Court is able to determine that a trial of this matter in the bankruptcy court could burden the bankruptcy court's docket.

(10) If this Court were to retain and try this matter, the plaintiff will have effectively prevented the debtor's exercise of his right to a jury trial before a state court.

(11) There is the existence of a right to a jury trial in state court.

(12) Other than the claimant, there are no non-debtor parties.

The state court should hear all matters associated with the removed proceeding.[8] After the plaintiff's claim is liquidated, this Court will enter an order on the debtor's objection to that claim. Unless there are issues that this Court is unaware, an order on the objection should be ministerial in nature and should require only minimal participation by the parties and the Court.

### b. Mandatory Abstention

■■■■■ Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2). A bankruptcy court must abstain from hearing a civil proceeding if: (1) a timely motion to abstain is made by a party to the proceeding; (2) the proceeding is based on a state law claim or state law cause of action; (3) the proceeding is related to a case under title 11 but did not arise under title 11 or in a case under title 11; (4) the proceeding could not have been commenced in a court of the United States absent jurisdiction under section 1334; and, (5) the proceeding is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

■■■■ Unlike the statutory provision that controls discretionary abstention, which allows a court to consider discretionary abstention on the court's motion, the comparable provision controlling mandatory abstention requires a motion by one of the parties before that issue is properly before the Court. No motion to abstain was filed in this matter; consequently, this Court may not consider mandatory abstention.[9]

### 2. Remand

■■■■ The bankruptcy court may remand a case on any equitable ground. 28 U.S.C. § 1452(b). Equitable grounds sufficient for remand include:

(1) *forum non conveniens;*

(2) that the entire action of a bifurcated matter should be tried in the same court;

(3) that a state court is better able to resolve state law questions;

(4) expertise of a particular court;

(5) judicial economy;

(6) prejudice to the involuntarily removed party;

(7) comity; and

(8) the lessened possibility of an inconsistent result.

*Browning v. Navarro,* 743 F.2d 1069, 1076 n. 21 (5th Cir.1984) (construing the first sentence of repealed 28 U.S.C. § 1478(b), a sentence identical to section 1452(b)).[10]

■■■ Sections 1452(b) [remand] and 1334(c) [abstention] of Title 28 of the United States Code are kindred statutes. Section 1452(b) favors comity and the resolution of state law questions by state courts, as does section 1334(c)(1).[11] Section 1334(c) encourages, and in certain cases, requires "federal courts to allow state courts to hear state law

---

**8.** At least one court believes that, "abstention under § 1334(c), be it mandatory or discretionary, has no application in the context of a removed action." *In re Branded Products, Inc.,* 154 B.R. 936 (Bankr.W.D.Tex.1993) (reasoning that once the action is removed from the State Court, that there is no longer any state court action for a federal court to abstain from).

**9.** Also, since the plaintiff's claim, the debtor's objection to that claim and the debtor's counterclaim to that claim are all core proceedings, the mandatory abstention provisions are inapplicable.

**10.** The effect of remand on the administration of the bankruptcy estate must also be considered.

*Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.,* 130 B.R. 405, 407 (S.D.N.Y.1991); *In re Walsh,* 79 B.R. 28, 29 (D.Nev.1987); *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.,* 51 B.R. 578, 582 (N.D.Ind.1985); *In re Shop & Go, Inc.,* 124 B.R. 915, 919 (Bankr.M.D.Fla.1991).

**11.** Courts recognize that decisions to remand an action and decisions to abstain from hearing an action produce the same results. *Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 B.R. 863, 867 (N.D.Ill.1991); *Lone Star Industries, Inc. v. Liberty Mutual Insurance,* 131 B.R. 269, 272 (D.Del.1991).

matters when the only basis for federal·jurisdiction is § 1334(b)." *Thomasson v. AmSouth Bank,* 59 B.R. 997, 1002 (N.D.Ala. 1986). "Section 1334(c) expresses a strong congressional desire that in respect to noncore proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." *Cook v. Griffin,* 102 B.R. 875, 877 (N.D.Ga.1989). Together, sections 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334(b) and the litigation can be timely completed in state court. Because the statutes are similar in purpose and spirit, circumstances which weigh in favor of discretionary abstention or dictate mandatory abstention under the respective subsections of section 1334(c), likewise weigh in favor of or constrain remand under section 1452(c).[12]

▮ The presence of factors suggesting discretionary abstention pursuant to 1334(c)(1) and factors requiring mandatory abstention under 1334(c)(2) provides ample equitable grounds for remand of a lawsuit to state court. "[T]he considerations underlying discretionary abstention and remand are the same." *Borne v. New Orleans Health Care, Inc.,* 116 B.R. 487, 494 (E.D.La.1990). "[I]t is clear that the provisions for mandatory abstention are strong factors suggesting equitable remand under § 1452(b)." *Cook v. Griffin,* 102 B.R. at 877. The presence of facts supporting abstention, when coupled with related considerations of comity and preference for the resolution of state law questions by state courts, implied in section 1452(b), "tips the scales of equity in favor of remand...." *Thomasson v. AmSouth Bank,* 59 B.R. at 1002.

For the reasons expressed above in connection with the Court's decision to abstain

from hearing this matter, this Court finds that the removed matter is due to be remanded pursuant to 28 U.S.C. § 1452(b). In addition, in considering the separate and particular factors most courts address in relation to remand this Court finds that:

(1) the state court and the federal court forums are equally convenient;

(2) since only one plaintiff and one defendant are involved, the action will not be bifurcated regardless of which court it is tried in;

(3) that the state court is better able to resolve state law questions of this nature;

(4) that the state court has the particular expertise to decide the issue of this matter;

(5) judicial economy will be served if all issues, save the ministerial function of this Court in administering the claim, were tried in the state court, which is currently in the best posture to provide a prompt resolution of those issues;

(6) prejudice to the debtor's right to a jury trial would be removed;

(7) this Court should extend the courtesy to the state court of interpreting its own laws; and

(8) since only one plaintiff and one defendant are involved, no possibility of inconsistent results is present as long as the objection to claim and counterclaim are tried in the same court.

### 3. Retain the Removed Action

Having made the determinations that this Court should abstain from deciding the substantive issues of the removed complaint and that the removed cause of action should be remanded to the court from which it was removed, this Court will, obviously, not retain the removed action.[13]

---

**12.** *Seale v. Owens & O–M Management Group, Inc.,* 134 B.R. 181, 185 (E.D.La.1991); *O'Rourke v. Cairns,* 129 B.R. 87, 90 (E.D.La.1991); *In re Micro Design, Inc.,* 120 B.R. 363, 366 (E.D.Pa. 1990); *Marshall v. Michigan Dep't of Agric.,* 118 B.R. 954, 967 (W.D.Mich.1990); *Borne v. New Orleans Health Care, Inc.,* 116 B.R. 487, 494 (E.D.La.1990); *Cook v. Griffin,* 102 B.R. 875, 877

(N.D.Ga.1989); *In re Chiodo,* 88 B.R. 780, 785 (W.D.Tex.1988); *Thomasson v. AmSouth Bank,* 59 B.R. 997, 1002 (N.D.Ala.1986); *In re Shop & Go, Inc.,* 124 B.R. 915, 920 n. 4 (Bankr.M.D.Fla. 1991).

**13.** There are no issues before this Court regarding dischargeability of a debt.

## V. Conclusion

Based on the above, the Court finds that jurisdiction over this matter exists but that discretionary abstention should be invoked and that the matter should be remanded to the state court. A separate order will be entered in accordance with this memorandum opinion.