Sondra A. MANN, Plaintiff,

v.

**WASTE MANAGEMENT OF OHIO, INC., et al., Defendants.**

Nos. 3:00MC7001, 3:00CV7124.

United States District Court,
N.D. Ohio,
Western Division.

July 18, 2000.

Robert H. Mihlbaugh, Lima, OH, for plaintiff.

Stephan J. Teetor, Isaac, Brant, Ledman & Teetor, Columbus, OH, for defendants.

## ORDER

CARR, District Judge.

This is a wrongful death and survivorship case arising from a motor vehicle accident between Richard H. Mann, Jr. and Scott W. DeWyse. Pending are 1) Waste Management of Ohio, Inc.'s and Waste Management, Inc.'s (collectively Waste Management) appeal from the bankruptcy court's decision to transfer this case from state to federal court, and 2) Waste Management's motion that I abstain from exercising jurisdiction.[1] In both motions, Waste Management seeks to have this action remanded to state court. For the following reasons, I shall deny Waste Management's appeal and grant its motion to abstain.

## BACKGROUND

On October 20, 1998, DeWyse, in the course of his employment for Waste Management, got into an accident with Mann, plaintiff's husband. Mann died from injuries sustained in the accident.

On November 20, 1998, plaintiff filed a wrongful death and survivorship action individually and on behalf of her late husband's estate. Plaintiff brought suit against DeWyse and Waste Management in the Common Pleas Court of Allen County, Ohio. For one year, the case proceeded in state court before Judge Richard Warren. Judge Warren set the trial for Janu-

---

1. On February 2, 2000, Waste Management filed a motion to abstain and remand the action to state court, or, in the alternative, to the stay case pending appeal. The motion was assigned a miscellaneous case number, No. 3:00MC7001, and assigned to this Court. Shortly thereafter, on April 3, 2000, Waste Management filed an appeal of the bankruptcy court's decision in Case No. 3:00CV7124. That appeal is also pending before me.

ary 18, 2000 and was heavily involved in the proceedings. While pending, Judge Warren ruled on over thirty motions, held multiple pretrial hearings, and supervised mediation.[2]

On November 23, 1999, DeWyse and his wife, Melissa M. DeWyse, filed a voluntary Chapter 7 bankruptcy petition in the Northern District of Ohio, Western Division. Pursuant to 11 U.S.C. § 362, the state court action was stayed automatically pending resolution of the bankruptcy action.

Plaintiff subsequently filed a motion for relief from the stay on November 26, 1999. Counsel for DeWyse and Waste Management filed oppositions to plaintiff's motion, and DeWyse requested a hearing.

On December 22, 1999, the bankruptcy court conducted a hearing on all pending matters. Counsel for plaintiff and DeWyse appeared at the hearing. Counsel for Waste Management, however, did not appear. Encouraging the bankruptcy court to lift the stay, plaintiff agreed to waive her right to recover against DeWyse's personal assets. Plaintiff asserted that the insurance policies and assets of Waste Management were sufficient to cover the anticipated recovery.[3] (*See* Mot. For Relief from Stay, dated November 26, 1999).

Additionally, plaintiff orally moved to transfer the wrongful death action to the district court pursuant to 28 U.S.C. § 1334(b). On January 3, 2000, the bankruptcy court granted plaintiff's motion to lift the stay and transfer the matter to federal court:

(1) [T]he automatic stay is lifted ...

(2) [N]otwithstanding any discharge to Debtors ... Creditor/Plaintiff Sondra A. Mann may enforce and collect any settlement or judgment for compensatory and/or punitive damages which Plaintiff will obtain from any and all policies of insurance ... and/or from the assets of the non-bankrupt defendants Waste Management of Ohio, Inc. and Waste Management, Inc.

(3) Creditor/Plaintiff may not enforce or collect any settlement or judgment from the personal assets of Debtors Scott William DeWyse and/or Melissa Marie DeWyse.

(4) Debtor Scott William DeWyse shall remain a named party in the wrongful death and survivorship action ...

* * *

(5) [T]he wrongful death and survivorship action ... is a non-core proceeding and is hereby transferred to the United States District Court for the Northern District of Ohio, Western Division, for a jury trial ...

(*See* J. Entry and Order, dated January 3, 2000).

Then, on January 12, 2000, the bankruptcy court filed a *Nunc Pro Tunc* Judgment Entry and Order transferring the case from state court to this court. One day later, Waste Management filed a motion to 1) vacate or modify the judgment entry, and 2) abstain from hearing or trying *Mann v. Waste Management of Ohio, Inc.* Nevertheless, the bankruptcy court denied Waste Management's motion, and the bankruptcy clerk transmitted the state proceedings to this court.

Waste Management subsequently appealed the transfer to District Court Judge David A. Katz. Waste Management also filed a motion in this court to abstain and remand the action to state court, or, in the alternative, to stay the case pending appeal. In the interim, on March 21, 2000, the bankruptcy court discharged DeWyse pursuant to 11 U.S.C. § 727. (*See* Discharge of Debtor, dated March 21, 2000).

---

**2.** Plaintiff twice attempted to remove Judge Warren from the case. Chief Justice Thomas Moyer of the Ohio Supreme Court denied plaintiff's claims of disqualification.

**3.** American International Group, Inc. (AIG) Insurance Company and/or its subsidiaries issued joint insurance policies to Waste Management and DeWyse.

While awaiting a decision on its appeal before Judge Katz, Waste Management filed a second appeal of the bankruptcy court's decision in this court. Waste Management made virtually identical arguments in each appeal. On May 15, 2000, Judge Katz issued an opinion denying Waste Management's appeal and affirming the decision of the bankruptcy court. (Mem. Op., dated May 15, 2000 ).

## DISCUSSION

### I. Waste Management's Appeal, Case No. 3:00CV7124

█ Waste Management argues that the bankruptcy court's order to transfer the wrongful death and survivorship case to federal court should be reversed for six reasons: 1) lack of notice, 2) lack of reasonable opportunity to be heard, 3) lack of proper motion to transfer, 4) lack of proper abstention analysis, 5) lack of relation to state court proceedings, and 6) lack of proper ruling on appellants' motion to vacate or modify judgment.

Judge Katz thoroughly examined these issues and decided to affirm the bankruptcy court's decision. (See Mem. Op., dated May 15, 2000). Thus, because Waste Management's arguments have been considered and resolved by Judge Katz, they cannot properly be re-argued before me in a second appeal. Accordingly, I shall deny Waste Management's appeal.

### II. Waste Management's Motion to Abstain and Remand, Case No. 3:00MC7001

Waste Management further argues that I should abstain from exercising federal jurisdiction and remand the action to state court.[4] I agree.

█ A federal court that has proper jurisdiction under 28 U.S.C. § 1334 may decide to 1) abstain from hearing the action and send it back to state court, or 2) remand the action directly to its original court. *In re Norrell,* 198 B.R. 987, 993

(Bankr.N.D.Ala.1996). "Nothing ... prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." § 1334(c)(1). By enacting § 1334, Congress intended to address the concerns of comity and judicial convenience by allowing federal courts to exercise abstention when appropriate. *Matter of Wood,* 825 F.2d 90, 93 (5th Cir.1987).

█ Under § 1334, numerous factors should be considered when deciding whether to abstain from federal jurisdiction: 1) the effect or lack of effect on the efficient administration of the estate if a court abstains; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of the applicable state law; 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than form of an asserted "core" proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden of this court's docket; 10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11) the existence of a right to a jury trial; 12) the presence in the proceeding of nondebtor parties; and 13) any unusual or other significant factors. *In re Continental Holdings,* 158 B.R. 442, 446 (Bankr.N.D.Ohio 1993).

█ Moreover, under 28 U.S.C. § 1452(b), a court may remand a claim or cause of action on any equitable ground. The equitable grounds for remand under § 1452(b) include: 1) duplicative and unec-

---

4. This issue was not addressed by Judge Katz.

onomical use of judicial resources in two forums; 2) prejudice to the involuntarily removed parties; 3) forum non conveniens; 4) the state court's ability to handle a suit involving questions of state law; 5) comity considerations; 6) lessened possibility of an inconsistent result; and 7) the expertise of the court in which the matter was originally pending. *In re Revco D.S., Inc.*, 99 B.R. 768, 775–76 (N.D.Ohio 1989) (citing *In re Baren*, 47 B.R. 39, 42–43 (Bankr. N.D.Ill.1984)).

■ Permissive abstention under § 1334(c)(1) and equitable remand under § 1452(b) are essentially identical. The court's analysis, therefore, is essentially the same for both types of relief. *In re Donington*, 194 B.R. 750, 759–60 (D.N.J. 1996).

Although abstention is rare, *In re Hughes–Bechtol, Inc.*, 107 B.R. 552, 559 (Bankr.S.D.Ohio 1989), federal courts should not be hesitant to decline to exercise jurisdiction when "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *In re White Motor Credit*, 761 F.2d 270, 274 (6th Cir.1985) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

■ The facts and procedural history of this case warrant exercise of this court's abstention powers. First, Ohio state law controls all aspects of the case. Indeed, if not for the bankruptcy action, there would be no basis for federal jurisdiction.[5]

Second, the connection of this case to the bankruptcy action is tenuous at best. DeWyse, the debtor in the bankruptcy proceeding, is a nominal party. Plaintiff has agreed not to recover from his personal assets. Further, DeWyse has been discharged. DeWyse remains a party only to insure his cooperation at trial. That objective can be accomplished as readily in the state court as it can in this court.

Third, plaintiff's motion to transfer the matter to federal court constituted thinly disguised forum shopping. Plaintiff was dissatisfied with Judge Warren's rulings in state court and decided to capitalize on the chance, offered by the DeWyse bankruptcy filing, to transfer the case to this court.[6] (*See* Docket and Mot. to Abstain and Remand Action to State Ct., or, in the alternative, to Stay Case Pending Appeal, at Appendix 6, dated February 2, 2000)

Fourth, allowing this case to proceed in federal court would waste judicial resources. Judge Warren spent considerable time preparing for trial before DeWyse declared bankruptcy. While pending, Judge Warren ruled on over thirty motions, held multiple pretrial hearings, and supervised mediation. For this court to take over now would needlessly duplicate the work done by Judge Warren.

Fifth and finally, the rights of all parties can be represented adequately in state court. A jury trial is available there, and the proceeding would not affect the administration of the bankruptcy estate because DeWyse has been discharged. Indeed, starting anew in this Court would only prejudice Waste Management. Waste Management is an involuntarily removed nondebtor. After spending a year defending this case in state court, it should not be put to the risk of rearguing the same issues in this court.

Without question, the most appropriate forum for this case is the Court of Common Pleas, Allen County, Ohio. Accordingly, I shall grant Waste Management's motion to abstain and remand this case to state court.

## CONCLUSION

It is, therefore,

---

**5.** There is no diversity of citizenship or federal question in the underlying litigation.

**6.** Plaintiff's dissatisfaction is evidenced by two attempts to remove Judge Warren from the state court action.

**ORDERED THAT** Waste Management's motion for abstention and to remand to state court is granted.

**So ordered.**