**In re U.S. SEATING CO., INC., Debtor.**

**Bankruptcy No. 86–00726T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 15, 1989.

Frederick L. Reigle, Reigle & Gellert, Reading, Pa., for Penn Title Ins. Co.

Leonard P. Goldberger, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, Pa., for Bank of New England.

David A. Eisenberg, Eisenberg & Van Horn, Allentown, Pa., Chapter 7 Trustee.

William J. Corrigan, Penn Title Ins. Co., Reading, Pa., for Penn Title Ins. Co.

OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court is Bank of New England's ("Bank") motion to dismiss the motion filed by Penn Title Insurance Company ("Penn Title") requesting that we enforce our August 25, 1988 order authorizing the chapter 7 trustee to sell debtor's real estate. Because we find that we lack subject matter jurisdiction over this dispute, we grant the Bank's motion to dismiss.

On August 25, 1988, we entered an order authorizing the trustee to sell debtor's real estate free and clear of liens. The trustee then authorized Penn Title to act as his disbursing agent at settlement. At settlement, Penn Title disbursed $342,545.85 to the Bank. The trustee then filed his final report, which we approved on February 9, 1989.[1] Thereafter, it was discovered that $40,923.18 in delinquent real estate taxes, penalties and interest which Penn Title alleges should have been paid at settlement prior to payment to the Bank under Pennsylvania lien priority law, was never paid to the taxing authority. Accordingly, Penn Title filed a motion requesting that we order the Bank to pay $40,923.18 plus interest and penalties from the date of settlement to Penn Title, so Penn Title can distribute the funds to the taxing authority.

---

1. On February 9, 1989 we entered an order approving the trustee's final report and application to close the estate. However, for reasons unrelated to the matter presently before us, this case was never officially closed.

The Bank responded by filing the instant motion to dismiss alleging that we lack subject matter jurisdiction over this dispute.

 We begin our discussion by stating the well accepted principle that a federal court, in deciding a motion to dismiss for lack of subject matter jurisdiction, will presume that it lacks jurisdiction unless the plaintiff, in this case Penn Title, affirmatively demonstrates that jurisdiction exists. *Commodity Futures Trading Commission v. Nahas*, 738 F.2d 487 (D.C.Cir.1984); *United Data Systems, Inc. v. Almarc Corp. (In re Almarc Corp.)*, 94 B.R. 361, 18 B.C.D. 1253 (Bankr. E.D.Pa.1988). *Accord, e.g., Lucas v. Gulf & Western Industries, Inc.*, 666 F.2d 800 (3rd Cir.1981). To meet this burden, Penn Title must establish that the outcome of its dispute with the Bank can conceivably have some effect on the bankruptcy estate. *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984); *In re Almarc Corp., supra;* 28 U.S.C. § 1471(b).

In the case before us, the bankruptcy estate has been fully administered and, but for a matter unrelated to this proceeding, the bankruptcy case would be closed and is now ready to be closed. The dispute between Penn Title and the Bank will not impact upon the estate, whose assets have been liquidated and distributed to creditors, but instead will affect only Penn Title, the Bank, the taxing authority and the trustee, to the extent that he may be found liable for any negligence committed by Penn Title. Furthermore, contrary to the caption Penn Title has given its motion, the dispute between Penn Title and the Bank does not involve the enforcement of our August 25, 1988 order, since this order does not specify the priority in which liens are to be paid. Rather, this dispute involves a question of lien priority under Pennsylvania law, a question which we did not address in our August 25, 1988 order and one which the state courts are equally suited to resolve.[2] As we find that Penn Title has not alleged any facts to substantiate its claim that the

outcome of its dispute with the Bank will impact upon the bankruptcy estate, we must grant the Bank's motion to dismiss.

---

2. In fact, Penn Title has filed suit against the Bank in state court alleging the same cause of action alleged in the motion before us.