In re BALTIC ASSOCIATES,
L.P., Debtor.

In re MEDITERRANEAN ASSOCIATES,
L.P., Debtor.

MARSTON ENTERPRISES, INC., Barberry, Inc., Ventnor Associates, Mediterranean Associates and Baltic Associates, Plaintiffs,

v.

KRUPP MORTGAGE COMPANY, L.P.
and Federal National Mortgage
Association, Defendants.

Bankruptcy Nos. 92–23872T, 92–23873T.
Adv. No. 92–2472.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 7, 1993.

Kenneth S. Goodkind, Fellheimer, Eichen & Braverman, Philadelphia, PA, for plaintiffs.

Donald M. Collins, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for defendants.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court is defendants' motion under 28 U.S.C. § 1452(b) and B.R. 9027(d) requesting that we remand this action to the district court where it was originally commenced.[1] Because we find that we lack subject matter jurisdiction over that portion of this action which involves the non-debtor plaintiffs, that the portion of this action which involves the debtor plaintiffs is not a core proceeding, but a non-core, related proceeding in which plaintiffs have demanded a jury trial, which we are not authorized to conduct, and that principles of judicial economy favor remand, we grant defendants' remand motion. As such, we need not address defendants' motion to abstain,[2] which is rendered moot by our decision to grant the remand motion. A brief recitation of the relevant facts and procedural history follows.

Prior to the filing of these bankruptcy proceedings, each of the plaintiffs obtained a loan or series of loans from defendant Krupp to refinance certain real estate projects. These loans were secured by mortgages which were assigned by Krupp to defendant Federal National Mortgage Association. Krupp, however, retained responsibility for servicing the mortgages. Each of the loan documents contained provisions which permitted plaintiffs to request and receive escrow fund releases from defendants upon compliance with certain terms. Plaintiffs maintain that defendants breached their obligations under the loan documents by refusing to honor plaintiffs' escrow release requests. Accordingly, plaintiffs filed this complaint against defendants in the District Court for the Eastern District of Pennsylvania seeking release of the escrow funds and other damages. This complaint was filed prior to the time that these bankruptcy proceedings were instituted. Upon the filing of these bankruptcy proceedings, plaintiffs filed a notice of removal under 28 U.S.C. § 1452(a) and B.R. 9027(a), which automatically removed the district court action to this court. Thereafter, defendants filed this motion under 28 U.S.C. § 1452(b) and B.R. 9027(d) requesting that we remand this action back to the district court.

■ We begin our analysis with a discussion of whether we have subject matter jurisdiction over that portion of this proceeding which involves the non-debtor plaintiffs' breach of contract actions against the defendants. Initially, we note that in making a determination regarding subject matter jurisdiction, we must presume that we lack jurisdiction unless plaintiffs affirmatively demonstrate that jurisdiction exists. *See, Renne v. Geary,* ——

---

1. In their brief, plaintiffs refer to a motion to consolidate which they claim to have filed. As defendants correctly indicate, no such motion has been filed by plaintiffs.

2. Neither plaintiffs nor defendants address the abstention issue in their briefs.

U.S. ——, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991); *In re U.S. Seating Co., Inc.,* 105 B.R. 259, 260 (Bankr.E.D.Pa.1989). Since these causes of action do not involve substantive rights provided under the Bankruptcy Code or proceedings that could arise only in the context of a bankruptcy proceeding, but involve only pre-petition state law breach of contract claims, they are not core in nature.[3] *See, Beard v. Braunstein,* 914 F.2d 434, 444 (3rd Cir.1990). Accordingly, our subject matter jurisdiction over these disputes hinges on a finding that these causes of action are "related" to these bankruptcy proceedings. *See, Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984). As stated by the Third Circuit Court of Appeals in *Pacor, Inc. v. Higgins,* 743 F.2d at 994:

> [t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* (citations omitted) (emphasis in original) . . .
>
> . . . the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the [court's jurisdiction]. Judicial economy itself does not justify federal jurisdiction. (citation omitted). '[J]urisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist.' (citation omitted).

■ After examining the complaint, we conclude that plaintiffs have not met their burden of convincing us that the outcome of the dispute between the non-debtor plaintiffs and defendants could conceivably have any effect on the bankruptcy estates. Therefore, we find that we lack subject matter jurisdiction over these causes of action and that they must be remanded to the district court. *Pacor, Inc. v. Higgins,* 743 F.2d at 996.

■ We next address that portion of the complaint which involves the debtor plaintiffs' breach of contract actions against defendants. While there is no doubt that we have subject matter jurisdiction over this portion of the complaint, the fact that plaintiffs have demanded a jury trial presents another obstacle to our hearing this case. More specifically, the question becomes whether these actions are core or non-core, because if they are non-core, we lack authority to conduct a jury trial and remand would be required. *See Beard v. Braunstein,* 914 F.2d at 442–443. Since these causes of action, like the causes of action alleged by the non-debtor plaintiffs, do not involve substantive rights provided under the Bankruptcy Code or proceedings that could arise only in the context of a bankruptcy proceeding, but involve only pre-petition state law breach of contract claims, they are non-core in nature.[4] *See, Beard v. Braunstein,* 914 F.2d at 444; note 3, *supra.* As such, we have no authority to conduct a jury trial and, given plaintiffs' demand for a jury trial, remand is required. *Beard v. Braunstein,* 914 F.2d at 442–443.

■ Finally, we note that notwithstanding the jury trial obstacle, we find remand of these state law breach of contract actions involving the debtor plaintiffs appro-

---

**3.** We agree with defendants' position that "... state law contract claims which do not fall within the specific categories of core proceedings listed in 28 U.S.C §§ 157(b)(2)(B)–(N) are non-core, even if they arguably fall within the two 'catch-all' provisions of section 157(b)(2)(O) ..." *Beard v. Braunstein,* 914 F.2d 434, 444 (3rd Cir.1990).

**4.** Plaintiffs also argue that their causes of action are "core proceedings" under 28 U.S.C. § 157(b)(2)(C) because they *allegedly constitute* counterclaims to the claims raised by defendant Federal National Mortgage Association in its adversary complaint against the debtor plain-

tiffs. We find this argument unconvincing since defendant's adversary complaints against the debtor plaintiffs allege only that the debtor plaintiffs violated 11 U.S.C. § 363(c)(2) by using rents which allegedly constituted defendant's cash collateral without first obtaining approval from this court and seek only injunctive relief. As such, we find that the debtor plaintiffs' state law breach of contract actions cannot be characterized as "counterclaims" to defendant's request for injunctive relief and therefore are not "core proceedings" under 28 U.S.C. § 157(b)(2)(C).

priate due to concerns of judicial economy. *See,* 28 U.S.C. § 1452(b). Since each of the plaintiffs' breach of contract actions involve similar questions of fact and law, it would be best to try all of the plaintiffs' claims against defendants in one case. As we lack subject matter jurisdiction over the claims of the non-debtor plaintiffs, while the district court has subject matter jurisdiction over all of the plaintiffs' claims, the only practical resolution is to remand this action back to the district court where it was originally instituted by plaintiffs.

An appropriate order follows.

## ORDER

AND NOW, this 7th day of January, 1993, it is ORDERED that: (1) defendants' motion requesting that we remand this proceeding to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1452(b) and B.R. 9027(d) is GRANTED; and (2) the Deputy In Charge of Bankruptcy Operations for the United States Bankruptcy Court shall transfer the file in this adversary proceeding and this opinion and order to the Clerk of the United States District Court for the Eastern District of Pennsylvania.