In re Clifton W. FISHER and Elizabeth Fisher, Debtors.

Clifton W. FISHER and Elizabeth Fisher, Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE ASS'N., America's Mortgage Servicing, Inc., and Resolution Trust Corporation, in its capacity as Receiver for Standard Federal Savings Bank of Gaithersburg, Maryland, Defendants.

Bankruptcy No. 91 B 23283.
Adv. No. 91 A 01143.

United States Bankruptcy Court, N.D. Illinois, E.D.

March 9, 1993.

Barat S. McClain, Wilson P. Funkhouser, Levin & Funkhouser, Ltd., Chicago, IL, for Federal National Mortg. Assn., America's Mortg. Servicing, Inc., and Standard Federal Sav. Bank.

Daniel A. Edelman, Robert J. Adams & Associates, Lawrence Walner, Chicago, IL, for debtors.

Craig Phelps, Chicago, IL, Chapter 13 Standing Trustee.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

This is a chapter 13 case allegedly necessitated by the inadequate escrow practices of a residential lender and its loan servicing company. The debtors not only sought tra-

ditional chapter 13 protection, they also filed a complaint against the lender and loan servicing company. But this is no ordinary complaint—it is a class action filed on behalf of all other former and present chapter 13 debtors who allegedly have been harmed by the same escrow practices. The defendants filed a motion to dismiss the complaint as to the absent class members' claims for lack of subject matter jurisdiction. This Court will grant that motion to dismiss.

## I. BACKGROUND

In 1974, the Debtors, Clifton and Elizabeth Fisher, bought a house, financed with a residential mortgage loan. Defendant Federal National Mortgage Association ("FNMA") acquired beneficial ownership of the loan, with loan servicing provided by defendant America's Mortgage Servicing, Inc., a corporation owned directly or indirectly by defendant Resolution Trust Corporation, in its capacity as Receiver for Standard Federal Savings Bank of Gaithersburg, Maryland.

In 1987, the Debtors fell behind on the mortgage loan payments. They filed a chapter 13 petition and their plan was confirmed.[1] Pursuant to that plan, the Debtors then made payments to the trustee to cure the default and to FNMA on the postpetition installments. Prior to completing their plan, the Debtors voluntarily dismissed the chapter 13 case because they believed that they had cured their pre-petition default and that they were current under their mortgage. FNMA disagreed and commenced foreclosure proceedings based on insufficient escrow payments for insurance and real estate taxes. In response to FNMA's foreclosure efforts, the Debtors initiated the present chapter 13 case in 1991.

## II. COMPLAINT

The Debtors allege that the Defendants failed to perform their obligation of appris-

---

1. The parties dispute whether the Fishers both filed or whether only Mr. Fisher filed. For purposes of this proceeding, it does not matter.

ing the Debtors of any tax and insurance escrow deficiencies. Indeed, the Debtors maintain that the Defendants intentionally failed to calculate the necessary escrow deposits in an attempt to derail the Debtors' chapter 13 and to acquire the equity in the Debtors' home at a foreclosure sale. The Debtors assert that the Defendants' practices are not unique to the Debtors' 1987 case; rather, the Defendants purposely under-escrowed in potentially thousands of other chapter 13 cases. Therefore, the Debtors purport to represent a class of similarly injured former and present chapter 13 debtors. The class action complaint contains two counts: one for unfair and deceptive practice, the other for breach of contract. The Defendants filed the instant motion to dismiss as to the absent class members' claims for lack of subject matter jurisdiction. In addition, this Court is required by 28 U.S.C. § 157(b)(3) to determine the basis, if any, for its own jurisdiction.

## III. ANALYSIS

### A. Bankruptcy Jurisdiction—28 U.S.C. § 1334 and 28 U.S.C. § 157

The source of federal jurisdiction over bankruptcy matters is 28 U.S.C. § 1334. That statute grants district courts jurisdiction over bankruptcy cases, as well as civil proceedings arising under Title 11. The statute also grants district courts jurisdiction over matters related to bankruptcy cases.

■ This Court's jurisdiction depends upon 28 U.S.C. § 157:

§ 157(a) Each district court may provide that any or all cases under title 11 [i.e., the bankruptcy code] and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders

and judgments, subject to review under section 158 of this title.

\*     \*     \*     \*     \*     \*

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.

\*     \*     \*     \*     \*     \*

The district court for this district has provided for such referral to the bankruptcy judges by Local Rule 2.33. Therefore, in order for this Court to have jurisdiction over the absent class members' claims, these claims must be: (1) core proceedings arising under title 11, (2) core proceedings arising in a case under title 11 or (3) proceedings related to a case under title 11. The Debtors limit their argument under § 157 to "arising under" jurisdiction.

First, citing, *In re Pettibone Corp.*, 135 B.R. 847 (Bankr.N.D.Ill.1992), the Debtors argue that each absent class member's claim "arises under" title 11 because "the claim affects both the amount of property available for distribution and the allocation of property among creditors." (Debtor's Memorandum in Opposition at 2.) But this is the test for "related to" jurisdiction, *see Pettibone Corp. v. Easley*, 935 F.2d 120, 123 (7th Cir.1991), a jurisdictional basis neither asserted by the Debtors nor applicable in this proceeding.

■ The only "case" referred to this Court pursuant to 28 U.S.C. § 157(a) and Local Rule 2.33 is the Debtors'. The absent class members' claims cannot be said to be "related to" the Debtors' case before this court since these claims cannot affect the amount of property available for distribution in the Debtors' case or the allocation of property among creditors in the Debtors' case. *See In re Baltic Associates, L.P.*, 149 B.R. 93 (Bankr.E.D.Pa.) (no "related to" jurisdiction over state law claims of non-debtor plaintiffs); *cf. Matter of Xonics, Inc.*, 813 F.2d 127, 131 n. 2 (7th Cir.1987) (no "related to" jurisdiction over disputes that do not affect estate; declining to follow more expansive view of "related to" jurisdiction in *In re Salem Mortgage Co.*, 783 F.2d 626 (6th Cir.1986) where

Sixth Circuit found jurisdiction over settlement of class action claims against non-debtor defendants).

■ Alternatively, the Debtors argue that the absent class members' claims "arise under" title 11 if a "substantial federal question must be resolved in order to adjudicate the complaint." (Debtor's Memorandum in Opposition at 3.) This formulation, even if applicable here, enlarges the test set forth by the Seventh Circuit in *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir.1990). *Barnett* holds that a core proceeding "arises under" title 11 if it "invokes a substantive right provided by title 11." *Id.*, 909 F.2d at 981 (*quoting In re Wood*, 825 F.2d 90, 97 (5th Cir.1987)); *see also In re Spaulding & Co.*, 131 B.R. 84, 88 (N.D.Ill.1990) (proceeding arises under title 11 if cause of action is "created or determined by a statutory provision of title 11"), *quoting Wood* at 96. Therefore, there is no "arising under" jurisdiction over the absent class members' claims unless the claims invoke a substantive right provided by title 11.

The Debtors do concede that the class counts are created by state law, but insist that the claims require consideration of the provisions and policy of the Bankruptcy Code[2]. But mere consideration of the provisions and policy of the Bankruptcy Code is not enough to confer "arising under" jurisdiction. "That a court inevitably will consider an issue of federal law to reach a final decision does not mean that the claim 'arises under' that law." *Marozsan v. U.S.*, 852 F.2d 1469, 1491 (7th Cir.1988) (Easterbrook, J., dissenting). In this regard, *Barnett* is controlling. In *Barnett*,

the Seventh Circuit held that a trustee's RICO claim did not "arise under" title 11, even though it accrued during a bankruptcy case and involved the exercise of trustee rights created by the Code:

First, the claim does not invoke a substantive right created by federal bankruptcy law. Instead, it invokes rights created under the federal RICO statute. Second, this is a claim that could exist outside of the bankruptcy context. Although Levit's claim is for damages resulting from the post-petition diversion of trust funds, the same claim for the same damages over the same time period could have been prosecuted in federal district court. *Barnett* at 981 (footnote omitted).

Similarly, this class action invokes rights created by state statutes governing unfair and deceptive practices and by state contract law. These claims could exist outside the bankruptcy context. Moreover, even though these claims allegedly accrued during chapter 13 cases, the claims could have been prosecuted in state court. The Debtors cannot create "arising under" jurisdiction over the class action merely by limiting the class to chapter 13 debtors. Therefore, notwithstanding the potential implication of Bankruptcy Code provisions and policy, the absent class members' claims do not "arise under" title 11[3].

## B. Supplemental Jurisdiction—28 U.S.C. § 1367

■ Once it is determined that no jurisdiction exists under §§ 157 and 1334, that is usually the end of the inquiry. The

---

**2.** This Court previously denied the Debtors' attempt to add a count to their complaint alleging violations of Section 1322 and 1327 of the Bankruptcy Code. Section 1322 allows the debtor to include certain provisions in a chapter 13 plan and § 1327 binds the parties to the plan. However, it is the plan and not those code sections that is binding on the creditors. It cannot be argued that the Defendants practices limited the benefits conferred by code sections § 1322 and 1327, because in the Debtor's 1987 case §§ 1322 and 1327 were applied and the plan proposed by the Debtor was confirmed. The effect of the 1987 plan on the Defendants' practices cannot be tested here because the Debtors voluntarily dismissed the 1987 case and, in effect, aban-

doned the plan. The Debtors cannot claim rights under a plan that they have abandoned.

**3.** The Debtors heavily rely on *In re Fleet*, 53 B.R. 833 (Bankr.E.D.Pa.1985), where the court found jurisdiction over a class action that alleged "abuses within the bankruptcy system". *Id.* at 839. The *Fleet* decision, however, is not based on "arising under" jurisdiction; rather, the court found that "the only ostensible basis for bankruptcy court jurisdiction is that the cause of action is 'related to' a case or cases under title 11." *Id.* at 838. As stated above, there is no "related to" jurisdiction in this case.

Debtors argue, however, that this Court may exercise "supplemental jurisdiction" over the absent class members' claims pursuant to 28 U.S.C. § 1367(a):

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the *district courts* have original jurisdiction, the *district courts* shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties (emphasis added).

Thus, according to the Debtors, once a bankruptcy judge has jurisdiction over a debtor's claim (whether "core" or "related to"), that judge may exercise jurisdiction over ancillary and pendant claims, even if those claims are not within the original jurisdiction referred by the district court pursuant to 28 U.S.C. § 157.

The Debtors failed to cite any supporting authority; however, this Court has found cases accepting this broad view of jurisdiction. The reasoning is straightforward: bankruptcy courts are units of district courts, *see* 28 U.S.C. § 151, and district courts may exercise supplemental jurisdiction; therefore, bankruptcy courts may exercise supplemental jurisdiction. *See e.g.,* *In re W.J. Services, Inc.*, 139 B.R. 824, 826 (Bankr.S.D.Tex.1992). This syllogism is missing an essential premise that deconstructs the conclusion: 28 U.S.C. § 151, while characterizing a bankruptcy court as a unit of its district court, also limits the exercise of a bankruptcy judge's authority to *"the authority conferred under this chapter ... except as otherwise provided by law or by rule or order of the district court."* The authority conferred by "this chapter" means Title 28, chapter 6, specifically § 157, as discussed above. And no

"rule or order of the district court" purports to confer any authority beyond that permitted by § 157. Local Rule 2.33 provides: "[p]ursuant to 28 U.S.C. § 157(a), any and all cases under Title 11 U.S.C. and any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C. are referred to the bankruptcy judges of this District." [4] The only "other law" that might be applicable is 28 U.S.C. § 1367. But, as noted, that section confers authority only upon the district court. Therefore, there is no statutory basis for this Court's exercise of supplemental jurisdiction over the class action.

In defining "related to" jurisdiction, the Seventh Circuit observed that bankruptcy court jurisdiction "extends no farther than its purpose." *Xonics* at 131. The purpose of this Court is to provide a single forum for dealing with bankruptcy cases and the matters that arise in or directly affect those cases. Supplemental jurisdiction, if applicable in a bankruptcy court, would go beyond that; it could create "related to— related to" jurisdiction. *See In re Alpha Steel Co., Inc.*, 142 B.R. 465, 471 (M.D.Ala. 1992) (expressing doubt that bankruptcy courts have supplemental jurisdiction); *cf. Pettibone*, 135 B.R. at 852 (ancillary cross-claims not within bankruptcy court jurisdiction unless "related to" case). Therefore, this Court does not have "supplemental jurisdiction" pursuant to 28 U.S.C. § 1367. The inquiry thus ends, as it should, with §§ 157 and 1334.

## IV. CONCLUSION

Whenever a proceeding is brought in a bankruptcy court, there must be jurisdiction over each dispute within the proceeding. *Xonics* at 131. There are only three types of disputes over which bankruptcy judges have jurisdiction: "arising in," "arising under", and "related to." In this class action, no class claim (other than the

---

**4.** Any additional referral of jurisdiction beyond that allowed by 28 U.S.C. § 157(a) would be subject to significant constitutional concerns. *See Marathon v. Northern Pipeline*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *Compare*

*In re Feifer Industries*, 141 B.R. 450, 452 (Bankr. N.D.Ga.1991) (district court order of reference did not *preclude* supplemental jurisdiction to the extent constitutionally permissible).

Debtors' claims) falls within the narrow jurisdiction of this Court.

Therefore, this Court will enter an appropriate order granting the Defendants' motion to dismiss the class action as to the absent class members' claims.