**In re CONSECO, INC., et al., Debtor.**

**Banc of America Investment Services, Inc., and Daniel Schmidt, Plaintiffs,**

**v.**

**Robert Fraiberg, et al., Defendants.**

**Bankruptcy No. 02 B 49672.**
**Adversary No. 03 A 04481.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Jan. 16, 2004.

Clausen Miller P.C., for Movant or Plaintiff.

### *MEMORANDUM OPINION*

CAROL A. DOYLE, Bankruptcy Judge.

This matter is before the court on two motions: the Reorganized Debtors' (I) motion to consolidate this adversary proceeding with debtors' adversary and (II) motion to reconsider the court's oral ruling on December 8, 2003, and Banc of America Investment Services' ("BAIS") motion to amend judgment and for new trial. After considering the many arguments raised in the motions, the court adheres to its previous ruling that it lacks subject matter jurisdiction over this adversary proceeding.

### I. Issue

BAIS and Daniel Schmidt, one of its employees, filed an adversary proceeding against Robert Fraiberg and various Fraiberg trusts (the "Fraibergs"). Conseco has intervened in this action. The Fraibergs are pursuing a NASD arbitration proceeding in Florida against BAIS and Schmidt. Some of the Fraibergs' claims in this arbitration allege misrepresentations

in connection with their purchase of Conseco Trust Originated Preferred Shares ("TOPrS"). The Fraibergs, as holders of TOPrS, participated in a settlement that was approved by this court and incorporated into Conseco's Sixth Amended Plan of Reorganization. This court issued an opinion overruling various objections to the TOPrS release. *In re Conseco, Inc.*, 301 B.R. 525 (Bankr.N.D.Ill.). The TOPrS settlement agreement, by which the Fraibergs are bound, releases all third parties (including BAIS, Schmidt and any other third party) of any claims relating in any way to Conseco or its subsidiaries, except "claims based upon insurance policies, annuities, or other similar contracts between a holder of a Trust preferred Security and any of the Reorganized Debtors or their subsidiaries." Conseco's Sixth Amended Plan of Reorganization, Article V, Section I, Par. 2. It is binding on all parties, like the Fraibergs, who accepted a distribution of New Conseco stock and the right to other potential recoveries under the plan in exchange for the release. BAIS and Schmidt seek a declaratory judgment about the binding effect of the release and an injunction against the Fraibergs proceeding with the NASD arbitration.

The issue before the court is whether it has jurisdiction over this adversary proceeding. In an oral ruling issued December 8, 2003, the court concluded that it does not have jurisdiction. BAIS and Conseco have urged this court to reconsider that ruling, arguing that the court has three distinct bases for jurisdiction: "arising in" a bankruptcy case, "related to" a bankruptcy case, and ancillary jurisdiction. As discussed below, none of these types of jurisdiction is available.

## II. Related to Jurisdiction

■ In the court's previous ruling, it concluded that it lacks "related to" juris-

diction over this case. The court explained that the bankruptcy court is a court of limited jurisdiction, with jurisdiction only over "civil proceedings arising under title 11, or arising in or related to cases under title 11," to the extent those cases are referred to it by the district court. 28 U.S.C. §§ 1334(b), 157(a). The court discussed the Seventh Circuit Court of Appeals' narrow view of "related to" jurisdiction, noting that, in this circuit, a case is "related to a bankruptcy when the dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.'" *In re FedPak Sys., Inc.*, 80 F.3d 207, 213–14 (7th Cir.1995), quoting *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir.1991). In *FedPak*, the Seventh Circuit held that the bankruptcy court did not have jurisdiction to interpret its own order when resolution of the dispute would not affect the amount of assets available for distribution to creditors of the estate. 80 F.3d at 214. The court reached this conclusion even though it recognized that one of the litigants, who had purchased assets from the debtors' estate, might sue to rescind the purchase of assets from the debtor. 80 F.3d at 212. Similarly, in *In re Xonics, Inc.*, the Seventh Circuit held that "bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets. It extends no farther than its purpose. That two creditors have an internecine conflict is of no moment, once all disputes about their stakes in the bankrupt's property have been resolved." 813 F.2d 127, 131 (7th Cir.1987). *See also Zerand–Bernal Group, Inc. v. Cox*, 23 F.3d 159, 162–64 (7th Cir.1994) (possibility that purchaser of assets might attempt to rescind sale insufficient to support jurisdiction).

Applying these principles, the court concluded that it could not assert "related to" jurisdiction. This is a dispute between

creditors brought three months after almost all the assets of the estate were distributed. Resolution of this case will not affect the amount of assets for distribution from the estate or the allocation of estate assets between the plaintiffs and defendants. It will have no tangible impact on the estate and is precisely the type of "internecine conflict" discussed in *Xonics* over which this court does not have jurisdiction.

Conseco and BAIS ask the court to reconsider this ruling in light of two cases, *Celotex v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995), and *In re A.H. Robins Co., Inc.,* 86 F.3d 364 (4th Cir.1996). These cases do not convince the court that its earlier decision was wrong. In *Celotex,* the Court stated that "a bankruptcy court's 'related to' jurisdiction cannot be limitless," and noted that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." 514 U.S. at 309, n. 6, 115 S.Ct. 1493 (citations omitted). The Court noted that the Seventh Circuit has not adopted the broad test for "related to" jurisdiction that most other circuits use, but it did not reject the Seventh Circuit's approach. *Id.* The Seventh Circuit itself addressed the *Celotex* opinion and outlined its own, more narrow, test for "related to" jurisdiction in *In re FedPak,* 80 F.3d at 213. The *Fed-Pak* court stated that "while the United States Supreme Court appears to favor a broad interpretation [of 'related to' jurisdiction], it has not mandated such an approach." 80 F.3d at 213, n. 8. The court went on to say that "common sense cautions against an open-ended interpretation of the 'related to' statutory language 'in a universe where everything is related to everything else.'" *Id.* at 214 (citation omitted). Thus, even after *Celotex,* the Seventh Circuit adheres to its narrow view of "related to" jurisdiction. The Fourth Circuit's opinion in *In re A.H. Robins,* in

which it defines "related to" jurisdiction much more broadly than the Seventh Circuit, is not controlling in this circuit.

The nexus between the Fraiberg arbitration and what is left of Conseco's bankruptcy cases is not close enough for this court to find "related to" jurisdiction under the narrow Seventh Circuit test. The court previously rejected BAIS' and Conseco's arguments that this dispute may affect the estate because, if the Fraibergs prevail in the arbitration, then BAIS may assert a claim against present or former officers and directors whom Conseco may be required to indemnify under various Plan provisions. The court concluded that the possibility of an impact on the estate is too remote to support jurisdiction. *In re FedPak,* 80 F.3d at 214 (possibility of a claim arising against estate because of outcome of present dispute insufficient to support jurisdiction). BAIS requests the court to reconsider this aspect of its decision. Conseco asserted that, under the Plan, BAIS released any claims against present or former officers and directors of Conseco. BAIS now asserts that it is not covered by the release in the Article X, Par. C of the Plan (which is different from the TOPrS release), and that, in any event, this release does not bar all actions against former officers and directors. However, even if BAIS is correct, the effect on the estate it posits—the possibility that, if the Fraibergs prevail despite the clear language of the TOPrS release, then BAIS may be able to assert unidentified claims against unidentified former officers and directors who are covered by a limited indemnification from Conseco—is too remote to support a finding of "related to" jurisdiction. The court therefore adheres to its decision that the Fraiberg dispute does not fall within its "related to" jurisdiction.

## III. "Arising in" Jurisdiction

Conseco next argues, in the alternative, that the court has "arising in" jurisdiction to hear the Fraiberg matters. 28 U.S.C. § 1334(b). Conseco relies on *In re A.H. Robins Co., Inc.,* 182 B.R. 128, 132 (Bankr.E.D.Va.1995), for this contention. "Arising in" jurisdiction exists in a Chapter 11 case when the proceeding does not arise under a specific statutory provision of the Bankruptcy Code but "would have no practical existence but for the bankruptcy." In *A.H. Robins,* the court held that it had jurisdiction to issue an order disallowing unreasonable attorneys' fees of lawyers who represented claimants seeking recovery from the trust created under the Chapter 11 plan. *Id.* at 132. The allowance of claimants' attorneys' fees from a trust created by a plan is closely related to the process of administering an estate and would have little practical meaning outside of bankruptcy. In this case, on the other hand, the allegations are derived from a contract—the TOPrS settlement—that could easily exist outside of bankruptcy. The TOPrS settlement was an agreement that the parties decided to incorporate into the plan under 11 U.S.C. § 1123(b)(6), which permits a plan to include any appropriate provision not inconsistent with other provisions of the Bankruptcy Code. The settlement provides for a release of claims against all third parties in exchange for a distribution of stock and some potential litigation recoveries. Although the parties chose to incorporate the TOPrS settlement into the plan, the TOPrS claims existed outside of bankruptcy and the TOPrS release could also have been given outside of bankruptcy. The TOPrS release is a contract provision, plain and simple, that is not peculiar to bankruptcy. Therefore, interpretation of this release does not fall within the "arising in" jurisdiction of the court.

## IV. Ancillary Jurisdiction

Finally, Conseco urges the court to find that it has "ancillary jurisdiction" over this adversary proceeding. Ancillary jurisdiction has been defined as jurisdiction "over claims or parties over whom the federal court lacked independent subject matter jurisdiction, but that arose out of the same conduct, transaction, or occurrence as the plaintiff's original claim to which federal subject matter jurisdiction extended." 1 Moore's Federal Practice and Procedure ¶ 5.90[3] (2d ed.2003). In *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378, 114 S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994), the Supreme Court held that ancillary jurisdiction may be asserted by federal courts for two separate purposes: "(1) to permit disposition by a single court of claims that are ... factually interdependent," and "(2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Conseco argues that the court has ancillary jurisdiction under *Kokkonen* to enforce the TOPrS release provision in the TOPrS settlement agreement and the Plan. The order approving the TOPrS settlement agreement specifically retained jurisdiction to address issues arising under it, and the Article XI of the Plan provides that the court retains jurisdiction over many matters, including releases.

In its oral ruling on December 8, 2003, the court concluded that the ancillary jurisdiction recognized *Kokkonen* could not be asserted by a bankruptcy court, even when the court specifically retains jurisdiction over an issue. Relying on the Seventh Circuit's decision in *Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159, 162–64 (7th Cir.1994), the court concluded that any matter before it must fall within the three kinds of bankruptcy jurisdiction set forth in 28 U.S.C. § 157(a).

Conseco argues that the court should reconsider this ruling because a number of courts, including courts in this district, recognize ancillary jurisdiction in a bankruptcy context. It cites the district court's opinion in *Zerand–Bernal Group, Inc. v. Cox,* 158 B.R. 459 (N.D.Ill.1993). In that decision, the court stated that a bankruptcy court may have ancillary jurisdiction over claims that are logically dependent and factually similar to claims over which it has bankruptcy jurisdiction, relying on *Wieboldt Stores, Inc. v. Schottenstein,* 111 B.R. 162 (N.D.Ill.1990), which is discussed below. *Id.* at 465. The court further stated that "ancillary jurisdiction is applied only in unusual circumstances and is strictly limited to cases in which the non-bankruptcy forum cannot provide adequate relief or where other equitable factors require the court to exercise ancillary jurisdiction." 158 B.R. at 465. The court found that no such unusual circumstances existed in that case.

The Seventh Circuit, in its *Zerand–Bernal* decision discussed earlier, made no reference to the doctrine of ancillary jurisdiction. It concluded that the bankruptcy court did not have jurisdiction to interpret its previous sale order because resolution of the issue would have no impact on the estate. Without directly discussing ancillary jurisdiction, the court rejected the argument that the bankruptcy court's retention of jurisdiction over the issue was sufficient to confer jurisdiction, stating that "a court cannot write its own jurisdictional ticket." 23 F.3d at 164. Thus, the court implicitly rejected the argument that a bankruptcy court may assert ancillary jurisdiction over controversies that fall outside the bounds of its jurisdiction under § 157(a).

Conseco also cites *Wieboldt Stores v. Schottenstein,* 111 B.R. 162 (N.D.Ill.1990), in which the district court held that it had ancillary jurisdiction to hear claims that were factually entwined with claims over which it had bankruptcy jurisdiction. The district court was presiding directly over that case; it was not hearing an appeal from a bankruptcy court. The *Wieboldt* court did not hold that a bankruptcy court had such ancillary jurisdiction; it held only that the district court could assert such jurisdiction. *Id.* at 166.

■ This court agrees that a district court can assert ancillary jurisdiction. But the question here is whether a bankruptcy court can assert ancillary jurisdiction, and the court concludes that the answer is no. A bankruptcy court in this district has addressed this issue in *Fisher v. Federal Nat'l Mortgage Assn.,* 151 B.R. 895 (Bankr.N.D.Ill.1993). The *Fisher* court concluded that a bankruptcy court cannot not exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). *Id.* at 899. Section 1367(a) was enacted in 1990, and codified some principles of ancillary and pendent jurisdiction. It created supplemental jurisdiction in district courts over claims that are so related to claims over which the district court has original jurisdiction that they form part of the same case or controversy. The *Fisher* court concluded that a bankruptcy court cannot exercise supplemental jurisdiction under § 1367(a) because it is not a district court. *Id.* It reasoned that, under 28 U.S.C. § 151, bankruptcy judges are authorized to exercise only "authority conferred under this chapter ... except as otherwise provided by law or by rule or order of the district court." "This chapter" means Chapter 6 of Title 28, and specifically § 157. No rule or order of the district court purports to confer authority beyond that permitted under § 157 over cases and proceedings under title 11, arising in or related to title 11. The *Fisher* court noted that supplemental jurisdiction could

amount to "related to related to" jurisdiction. It therefore concluded that it was not authorized to assert supplemental jurisdiction over the claims in that case. *Id.*

Section 1367(a) incorporates the first kind of ancillary jurisdiction discussed in *Kokkonen,* over claims that are factually entwined with claims over which the court has subject matter jurisdiction. It does not address the second type of ancillary jurisdiction discussed in *Kokkonen,* the jurisdiction of a court to manage its cases, vindicate its authority, and effectuate its decrees. However, the same reasoning applies to this second type of ancillary jurisdiction. The bankruptcy court has no grant of authority from the district court beyond the three types of jurisdiction identified in § 157(a). Therefore, although the district court in *Wieboldt* could properly exercise ancillary jurisdiction (which it now would probably refer to as supplemental jurisdiction under § 1367(a)), the court concludes that a bankruptcy court may not.

Conseco also cites *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), for the proposition that bankruptcy courts can assert ancillary jurisdiction. However, the *Local Loan* court concluded that the *district court* had ancillary jurisdiction to enforce the debtor's discharge. In 1934, there was no bankruptcy court as we know it today. The bankruptcy proceeding in *Local Loan* took place in the district court. Under the Bankruptcy Code and 28 U.S.C. § 157, an action to enforce a debtor's discharge is within the core jurisdiction of the bankruptcy court, so a bankruptcy court does not need to assert ancillary jurisdiction to enforce a discharge. The *Local Loan* decision is not relevant to whether a bankruptcy court today may assert ancillary jurisdiction

over matters that fall outside the scope of its jurisdiction under 28 U.S.C. § 157(a).

 The court recognizes that a number of courts at various levels have concluded that bankruptcy courts may exercise ancillary jurisdiction. *See* Susan Block–Lieb, *The Case Against Supplemental Bankruptcy Jurisdiction: A Constitutional, Statutory, and Policy Analysis,* 62 Fordham L.Rev. 721, 744–57 (1994) (discussing cases on both sides of the issue). The court notes that, even if it could exercise ancillary jurisdiction in appropriate cases, this is not such a case. The TOPrS release is just that—a release, not an injunction. It is a contractual provision that provides a defense that parties like BAIS and Schmidt can assert to claims by participating TOPrS like those asserted by the Fraibergs. The Fraibergs have not technically violated a court order or the Plan by pursuing their claims, even though the TOPrS release provides BAIS and Schmidt with a complete defense to the Fraibergs' claims. Therefore, even if this court could exercise ancillary jurisdiction, it would find such an exercise inappropriate here because there has been no direct violation of any order of this court, and there are no unusual circumstances justifying assertion of jurisdiction. As the district court noted in *Zerand–Bernal,* state courts and other tribunals (such as the NASD arbitration panel) are competent to deal with these issues. 158 B.R. at 465.

## V. Conclusion

For all of these reasons, the court concludes that its initial decision that it cannot assert jurisdiction over this adversary proceeding was correct. It therefore denies Conseco's motion to reconsider, as well as the motion of BAIS and Schmidt to amend

288

the judgment and for a new trial.[1]

1. Conseco also requests the court to consolidate this adversary proceeding with a similar adversary proceeding it filed, *Conseco, Inc., and CIHC, Inc., n/k/a Conseco Life Insurance* *Company of Texas v. Robert Fraiberg, et al.,* No. 03 A 04769. Because the court does not have jurisdiction over either adversary, this aspect of Conseco's motion is also denied.