**In re DIPLOMAT CONSTRUCTION, INC., Debtor.**

Paul H. Anderson, Jr., Chapter 7 Trustee for the Estate of Diplomat Construction, Inc., Plaintiff,

v.

Mukesh C. Patel, a/k/a Mike Patel, Rajesh C. Patel, a/k/a R.C. Patel, Hasmita M. Patel, and Shama R. Patel, Defendants.

Bankruptcy No. 09–68613–MGD.

Adversary No. 14–5093.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed May 20, 2014.

Filed May 21, 2014.

James R. Schulz, Merritt Watson, LLP, Atlanta, GA, for Plaintiff.

Frank B. Wilensky, Macey, Wilensky & Hennings, LLC, Atlanta, GA, for Defendants.

## ORDER ABSTAINING FROM HEARING PLAINTIFF'S COMPLAINT

MARY GRACE DIEHL, Bankruptcy Judge.

This Adversary Proceeding is a fraudulent transfer action under Georgia law brought by a Chapter 7 Trustee as a judgment creditor. The Defendants in the action are former principals of the Debtor against whom the Trustee obtained judgments based upon fraudulent transfers by the Debtor. The case is a non-core proceeding in which Defendants claim a right to a jury trial. The cause of action asserted arises exclusively under state law. The Trustee's standing as Plaintiff is not based upon his powers as a Chapter 7 Trustee but exclusively as a holder of a claim against the Defendants. Under these circumstances, the Court will abstain from hearing the matter. The Trustee can pursue his claims in state court.

Procedurally, this matter is before the Court on Defendants' Motion to Dismiss the Complaint filed by the Chapter 7 Trustee for the estate of Diplomat Construction, Inc. ("Motion"). Docket No. 14. Plaintiff filed an adversary proceeding ("Complaint") styled as Proceedings Supplementary To and In Aid of Judgment or Execution. Docket No. 1. Defendants' Motion seeks dismissal of all claims pursuant to Fed. R. Civ. Proc. 12(b)(6), incorporated into this proceeding by Fed. R. Bankr.Proc. 7012(b). The Motion also asserts lack of subject matter jurisdiction. Defendants filed a Brief in support of their Motion ("Defendants' Brief") as well as the affidavit of Sean P. Pennix. Docket Nos. 15 and 20. Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss ("Response"). Docket No. 22. Defendants filed a Reply to the Response ("Reply"). Docket No. 26.

## I. Background

Plaintiff is the Chapter 7 Trustee ("Plaintiff" or "Trustee") for the estate of Diplomat Construction, Inc. ("Debtor"). Debtor filed its Chapter 11 case on April 3, 2009. Case No. 09–68613. The case was converted to Chapter 7 on May 21, 2010. Case No. 09–68613, Docket No. 196. Rajesh C. Patel ("R.C. Patel") and Mukesh C. Patel ("Mike Patel") were principals of Debtor. On October 31, 2011, the Trustee filed adversary proceedings against Mike Patel and R.C. Patel. A.P. Nos. 11–5609 and 11–5610, respectively. On August 26, 2013, judgment was entered in each of the adversary proceedings in favor of the Trustee for $248,367.36 plus post-judgment interest calculated at the applicable federal rate ("the Judgments"). A.P. No. 11–5609, Docket No. 33 and A.P. No. 11–5610, Docket No. 26.

Hasmita M. Patel ("Hasmita Patel") and Shama R. Patel ("Shama Patel") are the wives of Mike Patel and R.C. Patel, respectively. They are named as co-defendants in this adversary proceeding, along with Mike and R.C. Patel. The Complaint asserts that effective January 1, 2008, Mike and R.C. Patel transferred to their wives their interests in multiple entities,

which had the effect of "paying millions of dollars that would otherwise have been paid to Mike Patel and R.C. Patel to their respective wives...." As a result, the Trustee was hindered in his ability to collect on the Judgments.

Count I of the Complaint seeks "Avoidance of Transfers of Ownership Interests and Surrender of the Ownership Interests of the Trustee." Within Count I, the Trustee also seeks an injunction restraining Defendants from transferring ownership interests in the named entities, or any assets of the individuals outside of the ordinary course of business, or any proceeds from the sale of any of the transferred entities. Count II seeks "Avoidance of Transfers of Ownership Interests and Imposition of Charging Orders." The body of Count II makes clear that this claim is asserted in the alternative to Count I. In Count II, the Trustee seeks a charging order on each ownership interest transferred to Hasmita and Shama Patel, on Mike and R.C. Patel's interest in Kennedy/Diplomat Newnan, LLC, on the interest transferred to Hasmita and Shama Patel in Budgetel Lodging, LLC, and on R.C. Patel's 99% ownership interest in Kingston Hotels, LLC. Count III seeks "Avoidance of Transfers of Ownership Interests and Recovery of Their Value." In the body of Count III, the Trustee seeks an injunction preventing the Defendants from transferring any of the proceeds from sales of various entities, which proceeds were reported as income on Hasmita and Shama Patel's tax returns. The Trustee also seeks a constructive trust on the proceeds and seeks judgment against Hasmita and Shama Patel in an amount not less than $500,000, in addition to punitive damages of $500,000, along with pre- and post-judgment interest, attorney's fees, and the costs of the action.[1]

The Complaint is purportedly brought pursuant to Federal Rule of Civil Procedure 69(a)(1), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7069. F.R.C.P. 69(a)(1) is a procedural rule dealing with proceedings supplementary to and in aid of judgment or execution of a money judgment. Although not asserted in the Complaint, Plaintiff's Response states that the substantive basis for the avoidance actions is O.C.G.A. §§ 18–2–77(a)(3) and 18–2–78(b). The Trustee also points in his Response to the Court's inherent power to enforce its own judgments.

Defendants' Brief raises several issues. Defendants assert that the statute of limitations has expired for Plaintiff to bring a fraudulent transfer action under either the Bankruptcy Code or Georgia law. Defendants also assert that there is no evidence of Defendants' fraudulent intent. Finally, they argue that the Court lacks subject matter jurisdiction. At the April 22, 2014 hearing on the Motion for a Preliminary Injunction, the Court raised the issue of whether discretionary abstention was warranted in this case. Plaintiff's subsequent Response addressed this issue, and argued that the relevant factors weighed in favor of the Court declining to abstain. The Reply also addresses the factors for discretionary abstention, and Defendants assert that those factors favor abstention. Because the Court agrees with Defendants that discretionary abstention is appropriate, it is not necessary for the Court to

---

1. Plaintiff also filed a Motion for Preliminary Injunction to Prevent Further Transfer by Defendants of the Stock and Ownership Interests of Certain Corporations and Limited Liability Companies and Their Assets and the Proceeds of the Ones They Have Sold. Docket no. 3. That Motion came on for hearing on April 22, 2014 and was continued to June 9, 2014.

address the other issues raised by the parties.

## II. Standard for Discretionary Abstention

█ Pursuant to 28 U.S.C. § 1334(c)(1), a court may abstain from hearing a proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law...." Courts in the Eleventh Circuit have applied a non-exclusive 12–factor test to analyze discretionary abstention. *E.g. In re Queen,* 2013 WL 6116864 (Bankr.N.D.Ga. Nov. 18, 2013). Those factors are:

> (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other nonbankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Id.* (citing *Ret. Sys. of Alabama v. J.P. Morgan Chase & Co.,* 285 B.R. 519, 530–31 (M.D.Ala.2002)); *Official Unsecured Creditors' Comm. Of Hearthside Baking Co.,*

*Inc. v. Cohen (In re Hearthside Baking Co., Inc.),* 391 B.R. 807, 817 (Bankr. N.D.Ill.2008).

## III. Discussion of Discretionary Abstention

█ Applying the above factors, discretionary abstention is appropriate. First, the Complaint asserts only state law claims. The use of F.R.B.P. 7069 does not change this analysis because it is a procedural rule and does not provide a separate basis for a substantive legal claim. *In re Import & Mini Car Parts, Ltd., Inc.,* 200 B.R. 857, fn. 1 (Bankr.N.D.In.1996)("[R]ule 69 merely creates a procedural mechanism for exercising post-judgment jurisdiction; it cannot expand the scope of that jurisdiction."). Further, while the basic Georgia fraudulent transfer law is not difficult or unsettled, Plaintiff must still show that the claims are not barred by the statute of limitations or otherwise that equitable tolling is permitted. This aspect of Plaintiff's claims may involve difficult legal determinations.

█ The Complaint asserts that this is a core proceeding because it affects the administration of the estate. The Court disagrees with this assertion because the claims do not "involve[ ] a right created by federal bankruptcy law," nor is the proceeding "one that would arise only in bankruptcy." *Cont'l Nat'l Bank v. Sanchez,* 170 F.3d 1340, 1348 (11th Cir.1999)(citing *Wood v. Wood,* 825 F.2d 90 (5th Cir.1987)). Further, the claims do not fall under any of the named types of core proceedings listed in 28 U.S.C. § 157(b)(2). Even if Plaintiff was successful in avoiding the transfers, he would still need to enforce his state law remedies to collect the avoided money. While money ultimately recovered by the Trustee would effect the administration of the bankruptcy estate, the Trustee can also bring these claims in

a non-bankruptcy forum. Further, because this is not a core proceeding, the Court could only enter proposed findings of fact and conclusions of law, subject to de novo review by the District Court. 28 U.S.C. § 157(c)(1).

It is questionable whether the Court has jurisdiction over this proceeding. Plaintiff argues that the Court has ancillary jurisdiction. While it is clear that district courts retain ancillary jurisdiction, it is not clear that such authority is vested in the bankruptcy courts. *Compare Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) (finding that district courts have ancillary jurisdiction) *with In re Conseco, Inc.,* 305 B.R. 281 (Bankr. N.D.Ill.2004) (questioning whether bankruptcy courts have ancillary jurisdiction); *In re Heritage Organization, LLC,* 454 B.R. 353 (Bankr.N.D.Tex.2011) (holding that the court did not have ancillary jurisdiction) *and In re Petrolia Corp.,* 79 B.R. 686 (Bankr.E.D.Mich.1987); *In re Tidewater Group, Inc.,* 63 B.R. 670 (Bankr. N.D.Ga.1986)[2] (both finding that the bankruptcy court could exercise ancillary jurisdiction).

Plaintiff relies on *Anderson v. HSN, LP,* in which the Court decided not to abstain, stating, "[t]he most important factor, however, appears to be the close relation of the claims in this case to the main bankruptcy case. Any recovery ... will flow directly to the estate for the benefit of Debtor's creditors." 2004 WL 5848453, *6 (Bankr.N.D.Ga. Sept. 27, 2004). In that case, the Court determined that the trustee of the individual's bankruptcy estate did not have standing to bring the asserted claims. Rather, those claims belonged to the corporation ("DGI"), of which the debtor was the sole shareholder prior to the Chapter 7 bankruptcy. The trustee became the sole shareholder upon his appointment as trustee. The claims asserted were for breach of contract, fraud, and alter ego liability[3] arising out of a joint venture between DGI and the defendants, and the facts relevant to those claims included involvement by the debtor in his capacity as principal of DGI. Any recovery by DGI would benefit the estate because the stock in DGI was property of the bankruptcy estate. The case *sub judice* is distinguishable because there is a greater degree of remoteness between the adversary proceeding and the main bankruptcy case. The Debtor is not a party to the proceeding nor is the Debtor involved in the facts giving rise to the claims. The Plaintiff is simply a judgment creditor of two non-debtor individuals, who happens to also be the Trustee. The claims do not involve facts arising from or relevant to the bankruptcy case. Even if the Trustee was successful in this action, he would still need to exercise state law remedies to collect from the Defendants, before any benefit would inure to the bankruptcy estate.

As noted, non-debtor parties are present in the proceeding. Finally, without deciding whether the right to a jury trial exists, Defendants have stated that they intend to pursue a jury trial. The only factors that do not favor abstention explicitly are that there are no related proceedings pending

---

**2.** Both of these opinions were decided prior to the enactment of 28 U.S.C. § 1367(a), which codified one type of ancillary jurisdiction—over cases forming part of the same case or controversy—as being within the jurisdiction of the District Court. Neither party has asserted that this court has jurisdiction pursuant to 28 U.S.C. § 1367(a).

**3.** The complaint also included a fraudulent transfer claim pursuant to 11 U.S.C. §§ 548 and 544. However, the Court concluded that the plaintiff had failed to state a claim under these Code provisions.

in other forums (although this is because of the choice made by Plaintiff to pursue these claims in bankruptcy court), the only evidence of forum shopping is Plaintiff's choice to proceed in his "home court," and there is no evidence that the burden on this Court's docket is heavier than the burden would be in another forum. Plaintiff argues that the judicial resources of the state courts could be wasted because Mike and R.C. Patel reside in different counties and may oppose having the claims brought in one court. This claim is speculative, and in any event, is not controlling. In totality, the factors favor discretionary abstention.

For the above reasons, the Court finds that it is in the interest of justice and in the interest of comity with state courts that this Court exercise its discretion to abstain from adjudicating the claims brought in this adversary proceeding. Accordingly, it is

**ORDERED** that the Court **ABSTAINS** as to all Counts in the Complaint. Because the Court is abstaining from hearing this adversary proceeding, all other pending motions are **MOOT** and any scheduled hearings are **CANCELLED.** The Clerk is directed to close this case.

The Clerk's Office is directed to serve a copy of this Order on Plaintiff, Plaintiff's counsel, Defendants and Defendants' counsel.

**IT IS ORDERED.**